

**IT IS ORDERED as set forth below:**

**Date: August 7, 2025**

_____

**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,¹ | ) | Case No. 25-58764 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL AS
CLAIMS, NOTICING, SOLICITATION, AND ADMINISTRATIVE
AGENT EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")² of the Debtors for entry of an order (this "Order") appointing Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") as claims, noticing, solicitation, and administrative agent (the "Claims and Noticing Agent"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425).  The mailing address for the Debtors for purposes of these chapter 11 cases is:  1 Wellmade Drive, Cartersville, GA 30121.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

1

pursuant to 28 U.S.C. § 156(c) and Bankruptcy Code sections 105(a) and 327(a), in the Debtors' chapter 11 cases effective as of the Petition Date, to, among other things and without limitation, (a) distribute required notices to parties-in-interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases, (c) facilitate the Debtors' solicitation efforts and tabulation of any votes submitted in connection with the same, and (d) provide such other administrative services as required by the Debtors that would fall within the purview of services to be provided by the Clerk's office, all as more fully set forth in the Application; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Application having been given under the particular circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is granted as set forth herein.

2. Notwithstanding the terms of the Services Agreement attached to the Application, the Application is granted solely as set forth in this Order and solely with respect to the Services set forth in the services schedule attached to the Services Agreement.

3. Pursuant to 28 U.S.C. § 156(c), Bankruptcy Code sections 105(a) and 327(a), and Bankruptcy Rules 2002, 2014, and 2016, the Debtors are authorized, but not directed, to retain Verita as Claims and Noticing Agent in the Chapter 11 Cases, effective as of the Petition Date, under the terms of the Services Agreement, and Verita is directed to perform the Services and to receive, maintain, record, and otherwise administer the proofs of claim filed in the Chapter 11 Cases and perform all related tasks as set forth in the Application, the Services Agreement, and this Order.  In addition to the services set forth in the Application and the Services Agreement, Verita is authorized to provide other noticing, claims processing, and administrative services as the Debtors and the Clerk may request from time to time.  The Clerk shall provide Verita with ECF credentials that allow Verita to receive ECF notifications and file certificates of service.

4. Verita shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases and is authorized and directed to maintain the official Claims Register for the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. Verita is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.  Verita is also authorized to provide an electronic interface for filing proofs of claim, subject to further Court approval.

6. Verita is authorized to take such other action to comply with all duties set forth in the Application and this Order.

3

7. Verita shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8. Without further order of the Court, the Debtors are authorized to compensate Verita for its Services in accordance with the terms of the Services Agreement upon receipt of reasonably detailed monthly invoices setting forth the services provided by Verita, and to reimburse Verita for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Verita to file fee applications or otherwise seek this Court's approval for the compensation of its services and reimbursement of its expenses.

9. Verita shall maintain records of all services performed, showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel to the Debtors, counsel to any statutory committee appointed in the Chapter 11 Cases, and any party-in-interest who specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices, and the parties may seek resolution of such matter from this Court if resolution is not achieved.

11. Pursuant to Bankruptcy Code section 503(b)(1)(A), and subject to paragraphs 8–10 of this Order, the fees and expenses of Verita incurred in connection with the Services shall be an administrative expense of the Debtors' estates.

12. Verita may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount of $15,000, and thereafter Verita may hold the retainer during the Chapter 11 Cases as security for payment of Verita's final invoice for services

4

rendered and expenses incurred under the Services Agreement. Upon cessation of Verita's engagement, any unused advance amounts after payment of all outstanding fees and expenses under the Services Agreement will be returned to the Debtors.

13. The Debtors are authorized to indemnify Verita under the terms of the Services Agreement, subject to the following modifications:

- a. Verita shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

- b. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Verita, or provide contribution or reimbursement to Verita, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen solely from Verita's negligence, misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (ii) for a contractual dispute in which the Debtors allege the breach of Verita's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law, or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Verita should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order;

- c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, Verita believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, Verita must file an application therefor in the Court, and the Debtors may not pay any such amounts to Verita before the entry of an order by the Court approving the payment. If Verita seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Services Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Verita's own applications, both interim and final, but

5

determined by this Court after notice and a hearing. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Verita for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Verita. All parties-in-interest shall retain the right to object to any demand by Verita for indemnification, contribution, or reimbursement.

14. Verita shall provide access to the Claims Register without charge, including access to copies of proofs of claim with attachments, if any.

15. In the event Verita is unable to provide the Services, Verita will immediately notify the Clerk and the Debtors' counsel and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

16. Verita shall not cease providing claims processing services during the Chapter 11 Cases for any reason, including nonpayment, without an order of this Court.

17. In the event of any inconsistency between the Services Agreement, the Application, and this Order, the terms of this Order shall govern.

18. Notice of the Application as provided therein shall be deemed good and sufficient notice of the same and the requirements of the Bankruptcy Rules are satisfied by such notice.

19. The Debtors and Verita are authorized to take all steps necessary or appropriate to carry out this Order.

20. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

END OF ORDER

Prepared and presented by:

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod, GA Bar No. 246604
Jake Evans, GA Bar No. 797018
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
Email: elrodj@gtlaw.com
Jake.Evans@gtlaw.com
Allison.McGregor@gtlaw.com

*Proposed Counsel for the Debtors in Possession*

Reviewed by:

**OFFICE OF THE UNITED STATES TRUSTEE**

*/s/ Lindsay P. S. Kolba*
Lindsay P. S. Kolba, GA Bar No. 541621
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Telephone: 404-331-4478
Email: Lindsay.P.Kolba@usdoj.gov

**Distribution List**

Wellmade Floor Coverings International, Inc.
Aurora Management Partners
1197 Peachtree St NE, Suite 780
Atlanta, GA 30361
Attn: David Baker

Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Attn: John D. Elrod

Kurtzman Carson Consultants LLC d/b/a Verita Global
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245
Attn: Drake D. Foster

Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Attn: Lindsay Kolba

King & Spalding LLC
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Attn: Austin Jowers

Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Rd., Suite 350
Atlanta, GA 30329
Attn: Will Geer