**IT IS ORDERED as set forth below:**

**Date: August 7, 2025**

_____
**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-58764 |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 17** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF (A) 503(B)(9) CLAIMANTS AND (B) CRITICAL VENDORS; (II) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY OF OUTSTANDING ORDERS; AND (III) GRANTING RELATED RELIEF**

Upon the *Emergency Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of (A) 503(b)(9) Claimants and (B)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

*Critical Vendors; (II) Confirming Administrative Expense Priority of Outstanding Orders; and (III) Granting Related Relief* (the "<u>Motion</u>")[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances; and this Court having held a hearing (the "<u>Hearing</u>") to consider the relief requested in the Motion; and upon the First Day Declaration and the record of the Hearing, this Court having determined that there is good and sufficient cause for the relief set forth in this Order; and after due deliberation thereon,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis to the extent provided herein.

2. The Debtors are authorized, but not directed, to pay accrued but unpaid 503(b)(9) claims in a total aggregate amount not to exceed $656,885.21.

3. The Debtors are authorized, but not directed, to pay accrued but unpaid Critical Vendor Claims in a total aggregate amount not to exceed $301,356.18.

4. The Debtors are authorized to continue their prepetition business operations, policies, and programs on a postpetition basis in the ordinary course of business on Customary Trade Terms as may be necessary to secure a Vendor's agreement to continue business with the Debtors on Customary Trade Terms.

5. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority status in accordance with section 503(b)(1)(A) of the Bankruptcy Code. The Debtors are authorized, but not directed, to pay all undisputed amounts

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

related to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

6. Prior to entry of a Final Order, the Debtors shall not pay any obligations under this Interim Order unless they are due or are deemed necessary to be paid in the Debtors' business judgment to ensure the ongoing provision of goods or services or otherwise to avoid an adverse effect on the Debtors' operations.

7. Nothing in this Interim Order authorizes or directs the Debtors to accelerate any payments not otherwise due.

8. If any party accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with the trade terms at least favorable to the Debtors as the Customary Trade Terms then, subject to the entry of a final order on the Motion from this Court: (a) any payment on account of a prepetition claim shall be deemed, in the Debtors' discretion, an improper postpetition transfer and, therefore recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of any such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, then the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

9. Any Vendor that accepts payment from the Debtors on account of all or a portion of a Trade Claim pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order, and (b) have waived, to the extent so paid, any and all prepetition

claims, of any type, kind, or priority, against the Debtors, their assets, and properties.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

11. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

12. Any party receiving payment from the Debtors is authorized and directed to rely on the representations of the Debtors as to which payments are authorized by this Interim Order.

13. Nothing in the Motion or this Interim Order, nor the Debtors' implementation of the relief granted in this Interim Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Critical Vendors, including the Debtors' rights to: (a) cancel a purchase order; (b) decline the acceptance of goods and/or services; (c) return any defective, nonconforming, or unacceptable goods; or (d) contest the amount of any invoice or claim on any grounds.

14. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (c) a promise or

requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

15. A final hearing to consider the relief requested in the Motion shall be held on **August 21, 2025 at 10:00 a.m. (prevailing Eastern Time)** and any objections to entry of such order shall be in writing and filed with this Court no later than **August 14, 2025 at 4:00 p.m. (prevailing Eastern Time)** and served on: (i) the Debtors, c/o Wellmade Floor Coverings International Inc., 1197 Peachtree St. NE, Suite 780, Atlanta, GA 30361, Attn: David Baker (dbaker@auroramp.com); (ii) proposed counsel to the Debtors, Greenberg Traurig, LLP, Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia  30305, Attn: John D. Elrod (elrodj@gtlaw.com) and Allison J. McGregor (Allison.McGregor@gtlaw.com); (iii) counsel for the Prepetition Lenders, King & Spalding LLP, 1180 Peachtree Street, NE, Suite 1600, Atlanta, GA 30309, Attn: Austin Jowers (AJowers@kslaw.com); (iv) counsel for the DIP Lender, Rountree Leitman Klein & Geer, LLC, Century Plaza I, 2987 Clairmont Rd., Suite 350, Atlanta, GA 30329 (wgeer@rlkglaw.com) and (iv) the Office of the United States Trustee for Region 21, 362 Richard Russell Building & U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303 (lindsay.p.kolba@usdoj.gov).

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules, and the Complex Case Procedures are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

END OF DOCUMENT

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod, GA Bar No. 246604
Jake Evans, GA Bar No. 797018
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
Email: elrodj@gtlaw.com
Jake.Evans@gtlaw.com
Allison.McGregor@gtlaw.com

*Proposed Counsel for the Debtors in Possession*

**Distribution List**

Wellmade Floor Coverings International, Inc.
1197 Peachtree St. NE, Suite 780
Atlanta, GA 30361,
Attn: David Baker

Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Attn: John D. Elrod

Kurtzman Carson Consultants LLC d/b/a Verita Global
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245
Attn: Drake D. Foster

Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Attn: Lindsay Kolba

King & Spalding LLC
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Attn: Austin Jowers

Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Rd., Suite 350
Atlanta, GA 30329
Attn: Will Geer