**IT IS ORDERED as set forth below:**



**Date: August 21, 2025**

_____

**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-58764-sms |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 9** |

### FINAL ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the *Emergency Motion of the Debtors for Entry of Interim and Final Orders (I) Prohibiting Utility Providers From Altering, Refusing or Discontinuing Service, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

*for Determining Adequate Assurance of Payment* (the "Motion"); [2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having jurisdiction to enter a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having held a hearing (the "Hearing") to consider the relief requested in the Motion; and the Court having entered an interim order granting the relief request in the Motion [Docket No. 32] (the "Interim Order"); and good and sufficient cause for the relief set forth in this Order; and after due deliberation thereon,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. The Debtors are authorized but not directed to deliver Ordinary Course Payments to Utility Providers (identified on Exhibit C to the Motion) providing postposition Utility Services, with said payments authorized to begin upon the entry of the Interim Order and to continue upon entry of this Final Order granting this Motion. In the absence of an Adequate Assurance Request (as Defined below) delivery of the Order Course Payments, along with any prepetition deposits, shall be deemed sufficient and satisfactory adequate assurance pursuant to section 366 of the Bankruptcy Code.

3. The following procedures (the "Adequate Assurance Procedures") are hereby approved with respect to all Utility Providers, including any Subsequently Identified Utility Provider:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

A. Except as provided by the Adequate Assurance Procedures, the Utility Providers will be prohibited from: (i) altering, refusing, or discontinuing services to, or otherwise discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or a debt owed by the Debtors for services rendered prior to the Petition Date, or on account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance; or (ii) requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than any prepetition deposits held by the Utility Providers;

B. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment, the Utility Provider must serve a written request (an "Additional Assurance Request") upon: the Debtors setting forth (i) the type of Utility Services, the location(s) for which Utility Services are provided, and the account number(s) for such location(s), (ii) the outstanding balance for each account, (iii) a summary of the Debtors' payment history on each account and whether any deposits or prepayments have been made by the Debtors to the Utility Provider, (iv) the amount and form of additional assurance of payment requested, and (v) an explanation of why the Adequate Assurance Deposit is inadequate assurance of payment;

C. The Additional Assurance Request must be served on the following notice parties: (i) the Debtors, c/o Wellmade Floor Coverings International, Inc., 1197 Peachtree St. NE, Suite 780, Atlanta, GA 30361, Attn: David Baker (dbaker@auroramp.com); (ii) proposed counsel to the Debtors, Greenberg Traurig, LLP, Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305, Attn: John D. Elrod (elrodj@gtlaw.com) and Allison J. McGregor (Allison.McGregor@gtlaw.com); (iii) counsel for the Prepetition Lenders, King & Spalding LLP, 1180 Peachtree Street NE, Suite 1600, Atlanta, GA 30309, Attn: Austin Jowers (AJowers@kslaw.com); and (iv) the Office of the United States Trustee for Region 21, 362 Richard Russell Building & U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303; (v) counsel for the DIP Lenders, Rountree Leitman Klein & Geer, LLC, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329 Attn: Will B. Geer; and (vi) proposed counsel for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019, Attn: Bradford J. Sandler (bsandler@pszjlaw), Shirley S. Cho (scho@pszjlawcom), Theodore S. Heckel (theckel@pszjlaw.com) and Small Herrin, 100 Galleria Parkway, Suite 350, Atlanta, GA 30339, Attn: Gus H. Small (gsmall@smallherrin.com) and Anna M. Humnicky (ahumnicky@smallherrin.com) (collectively, the "Adequate Assurance Notice Parties");

D. Upon the Debtors' receipt of an Additional Assurance Request in compliance with the Adequate Assurance Procedures, the Debtors will

3

promptly negotiate with the requesting Utility Provider to resolve such Utility Provider's Additional Assurance Request;

E. The Debtors may resolve any Additional Assurance Request by agreement with the relevant Utility Provider and without further order of this Court, and may, in connection with any such agreement provide such Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayments, or other security, without further order of this Court, if the Debtors believe such additional assurance is reasonable;

F. Should the Debtors be unable to reach a resolution with respect to an Additional Assurance Request, the Debtors will, upon reasonable notice, calendar the matter (the "Determination Hearing") for the next regularly scheduled hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

G. Pending resolution of any such Determination Hearing, the relevant Utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or the Debtors' bankruptcy filing;

H. A Utility Provider that does not serve an Additional Assurance Request in compliance with the procedures herein will be deemed to have adequate assurance of payment that is satisfactory to such Utility Provider within the meaning of the Bankruptcy Code section 366(c)(2), subject to such Utility Provider's right to seek a modification of adequate assurance under Bankruptcy Code section 366(c)(3); and

I. At any time, the Debtors may terminate service from any of the Utility Providers, such termination being effective immediately upon the Debtors' notice to the Utility Provider. At such time, the Debtors shall no longer be required to make any payments to such Utility Provider for any services provided after such termination, and any excess payments shall be returned immediately.

4. The Debtors are authorized, in their sole discretion, to amend the Utility Providers List to add or remove any Utility Provider, and all provisions of this Order shall apply to any such Subsequently Identified Utility Provider that is added to such list; *provided, however*, that if additional Utility Providers are added to the Utility Provider List, the Debtors shall: (i) file a copy of any such amendment and serve a copy of the Motion and this Order on any Subsequently Identified Utility Provider, along with an amended Utility Provider List; and (ii) make all Ordinary

4

Course Payments to such Subsequently Identified Utility Provider. Such Subsequently Identified Utility Provider shall be permitted to make an Additional Assurance Request in compliance with the Adequate Assurance Procedures after it receives notice of the Motion. For any entity that is removed from the Utility Provider List, the Debtors shall serve that entity with a notice of removal and such entity shall have 14 calendar days from the date of service of such notice to object to that removal.

5. Pending resolution of any Additional Assurance Request, Objection or Determination Hearing, the Utility Providers are prohibited from (a) discriminating against the Debtors, (b) altering, refusing, or discontinuing service to the Debtors, or (c) requiring payment of a deposit or receipt or any other security for continued service other than the Utility Deposit, on the basis of the commencement of the Chapter 11 Cases or a debt owed by the Debtors for services rendered prior to the Petition Date, or on account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance. The Utility Providers are further prohibited from drawing upon any existing security deposit, surety bond, or other form of security to secure future payment for Utility Services, absent further order of this Court.

6. For the avoidance of doubt, the terms of this Order, including the Adequate Assurance Procedures, shall apply to each Utility Provider, notwithstanding any customary business practices, policies, internal operating procedures, or state or local laws or regulations to the contrary. Any Utility Providers that believe its customary business practices, policies, internal operating procedures, or state or local laws or regulations forbid it from accepting the Proposed Adequate Assurance or entitle it to additional adequate assurance shall make an Additional Assurance Request or file an Objection in accordance with this Order.

7. Notwithstanding the relief granted herein or any actions taken pursuant thereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

8. Notwithstanding anything to the contrary in the Motion or this Final Order, any payment authorized to be made by the Debtors herein shall be subject to and consistent with the terms and conditions contained in any orders entered by this Court authorizing the use of cash collateral and any order authorizing postpetition financing (collectively, a "Financing Order"), including compliance with any budget or cash flow forecast in connection therewith. To the extent there is any conflict between this Final Order and a Financing Order, the terms of the Financing Order shall control.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation and/or interpretation of this Order.

END OF DOCUMENT

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod, GA Bar No. 246604
Jake Evans, GA Bar No. 797018
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
Email: elrodj@gtlaw.com
Jake.Evans@gtlaw.com
Allison.McGregor@gtlaw.com

*Proposed Counsel for the Debtors in Possession*

**Distribution List**

Wellmade Floor Coverings International, Inc.
1197 Peachtree St. NE, Suite 780
Atlanta, GA 30361
Attn: David Baker

Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Attn: John D. Elrod

Kurtzman Carson Consultants LLC d/b/a Verita Global
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245
Attn: Drake D. Foster

Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Attn: Lindsay Kolba

King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Attn: Austin Jowers

Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329
Attn: Will B. Geer

Pachulski Stang Ziehl & Jones LLP
1700 Broadway, 36th Floor
New York, NY 10019
Attn: Bradford J. Sandler

Small Herrin
100 Galleria Parkway, Suite 350
Atlanta, GA 30339,
Attn: Gus H. Small