**IT IS ORDERED as set forth below:**



**Date: August 21, 2025**

_____

**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-58764-sms |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 11** |

**FINAL ORDER (I) AUTHORIZING THE MAINTENANCE OF BANK ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS, (II) AUTHORIZING THE CONTINUED USE OF CASH MANAGEMENT SYSTEM, (III) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES, (IV) AUTHORIZING THE DEBTORS TO MAINTAIN CORPORATE CARD PROGRAM AND HONOR PREPETITION OBLIGATIONS RELATED THERETO, AND (V) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

*(II) Authorizing the Continued Use of Cash Management System, (III) Waiving Certain Investment and Deposit Guidelines, (IV) Authorizing the Debtors to Maintain Corporate Card Program and Honor Prepetition Obligations Related Thereto, and (V) Granting Administrative Expense Status to Postpetition Intercompany Claims* (the "Motion");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having held a hearing (the "Hearing") to consider the relief requested in the Motion; and upon the First Day Declaration and the record of the Hearing; and the Court having entered an interim order granting the relief requested in the Motion [Docket No. 34] (the "Interim Order"); and good and sufficient cause appearing for the relief set forth in this Order; and after due deliberation thereon,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED to the extent provided herein.

2. The Debtors are authorized, but not directed, to maintain and use their Cash Management System as more fully set forth in the Motion.

3. Notwithstanding any requirements to the contrary in the Guidelines or otherwise, the Debtors are authorized to maintain and use the existing Bank Accounts listed on **Exhibit C** to the Motion in the name and with the account numbers existing immediately prior to the Petition Date, *provided, that,* all non-Synovus Bank Accounts that have not yet been closed will be regularly swept into the Synovus Bank Accounts as needed and in the ordinary course of business.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

4.      The requirement in the UST Guidelines that the Debtors establish a specific new bank account for tax payments is waived.  The requirements provided in 11 U.S.C. § 345(b) are hereby waived as to the Bank Accounts.

5.      The Debtors are authorized to deposit funds in and withdraw funds from their Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts.

6.      Each Debtor is authorized, but not directed, to continue the Corporate Card Account Program in the ordinary course of business, consistent with prepetition practices (subject to ordinary course modifications thereto), including the timely payment of all future obligations as they become due and owing under the Corporate Card Accounts on a postpetition basis and performing all obligations thereunder.  The issuers of the cards under the Corporate Card Account Program are authorized to continue making advances pursuant to the terms of their existing agreements (in reliance upon section 364(e) of the Bankruptcy Code) with the Debtors (including as may be renewed, supplemented, amended, or otherwise modified from time to time in the ordinary course of business), and each Debtor is authorized to incur credit in respect of such advances under sections 364(a) and (c) of the Bankruptcy Code, as applicable.  The terms of all existing agreements by and between the Debtors and issuers of the cards under the Corporate Card Account Program, including the termination, fee provisions, rights, benefits, collateral, offset and termination rights, and remedies afforded under such agreements shall remain in full force and effect and govern the parties' postpetition transactions with the Debtors, including making ordinary course modifications thereto.

7.      The Debtors are authorized to pay all prepetition Processing Fees and to continue to pay such Processing Fees in the ordinary course of business postpetition

8.      The Banks listed on **Exhibit C** to the Motion and any and all other financial institutions receiving or transferring funds from the Debtors are hereby authorized to continue to service and administer the Bank Accounts of the relevant Debtor as a debtor in possession account without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or automated clearinghouse transfers drawn on the Bank Accounts by the holders or makers thereof, provided that nothing contained herein shall authorize any such Bank to honor any check issued or dated prior to the date of the commencement of these chapter 11 cases, except as otherwise provided by further order of this Court.  In no event shall any of the Banks be required to honor overdrafts or to pay any check, wire or other debit against any of the Bank Accounts that is drawn against uncollected funds.

9.      The Debtors may (a) close or otherwise modify their Bank Accounts, (b) open new debtor-in-possession accounts and (c) make changes to their Cash Management System as they deem necessary to facilitate the Chapter 11 Cases and operations, or as may be necessary to comply with the requirements of any debtor-in-possession financing facility or cash collateral usage approved by this Court; provided, however, that the Debtors shall only open any new Bank Account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee or at such banks that are willing to immediately execute such an agreement.  If the Debtors open or close any current or additional Bank Accounts, such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall otherwise be provided within 15 days of opening or closing such account to (a) the U.S. Trustee and (b) counsel to the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (subsequent to its appointment).

10. Subject to section 553 of the Bankruptcy Code, all Banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such Bank against the Debtors that arose before the Petition Date, absent further order of this Court.

11. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions (including Intercompany Transactions) may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

12. The Debtors are authorized to enter into Intercompany Transactions, as described in the Motion, amongst themselves in the ordinary course of business. Intercompany loans and other claims created through Intercompany Transactions between Debtors are hereby granted administrative priority status pursuant to section 507(a)(2) of the Bankruptcy Code; <u>provided</u>, <u>further</u>, that nothing herein shall limit or be construed to limit the Debtors' ability to reconcile amounts owed between and among any Debtors, including netting and setting off obligations arising from Intercompany Transactions, whether arising prepetition or postpetition, in the ordinary course of business, between a Debtor and another Debtor.

13. Notwithstanding anything contained herein, despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements; <u>provided</u>, <u>however</u>, that disbursements shall not include Intercompany Transactions between Debtor entities.

14. The Debtors will maintain accurate and detailed records of all transfers, including Intercompany Transactions, so that all transactions are adequately and promptly documented in,

5

and readily ascertainable and traceable from, the Debtors' books and records and may be readily distinguished between prepetition and postpetition transactions.

15. The Debtors are authorized to pay or reimburse any bank fees, claims, costs, expenses or charges associated with the Bank Accounts and arising prior to and after the Petition Date, including, without limitation, (i) service charges or fees; (ii) checks deposited with the Banks which have been dishonored or returned for insufficient funds; and (iii) any reimbursement or other payment obligations, such as overdrafts, arising under the terms of any prepetition agreement existing between the Debtors and each Bank (collectively, the "Bank Account Claims"). While maintaining any of the Bank Accounts for the Debtors, the Banks are authorized, without further Order of this Court, to continue to deduct from the appropriate Bank Accounts, the Bank Account Claims incurred in connection with the Bank Accounts.

16. This Order shall apply to all Bank Accounts in, or linked to, the Cash Management System, even if such Bank Accounts do not appear on the list attached as **Exhibit C** to the Motion. All accounts opened by the Debtors on or after the Petition Date at any Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on **Exhibit C** to the Motion) and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order.

17. The Debtors are authorized to represent (and the Banks are authorized to accept and honor all such representations) which checks, drafts, wires, or ACH transfers should be honored or dishonored whether the Banks believe the payment is or is not consistent with the order(s) of this Court and governing law, and whether such checks, drafts, wires or ACH transfers are dated or made prior to, on or subsequent to the Petition Date.

18. Any of the Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition

6

Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

19. Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates, except as expressly set forth herein; or (iii) shall be construed as a promise to pay a claim.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

21. Notwithstanding any applicable Bankruptcy Rule, this Order shall be effective and enforceable immediately upon entry hereof.

22. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

END OF DOCUMENT

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod, GA Bar No. 246604
Jake Evans, GA Bar No. 797018
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
Email: elrodj@gtlaw.com
Jake.Evans@gtlaw.com
Allison.McGregor@gtlaw.com

*Proposed Counsel for the Debtors in Possession*

**Distribution List**

Wellmade Floor Coverings International, Inc.
1197 Peachtree St. NE, Suite 780
Atlanta, GA 30361
Attn: David Baker

Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Attn: John D. Elrod

Kurtzman Carson Consultants LLC d/b/a Verita Global
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245
Attn: Drake D. Foster

Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Attn: Lindsay Kolba

King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Attn: Austin Jowers

Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329
Attn: Will B. Geer

Pachulski Stang Ziehl & Jones LLP
1700 Broadway, 36th Floor
New York, NY 10019
Attn: Bradford J. Sandler

Small Herrin
100 Galleria Parkway, Suite 350
Atlanta, GA 30339,
Attn: Gus H. Small