### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-58764 |
| Debtors. | (Jointly Administered) |

### NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, DEADLINE TO OBJECT AND HEARING

**PLEASE TAKE NOTICE** that, on September 9, 2025, the above-captioned debtors and debtors in possession (the "Debtors") filed *Debtors' Motion for Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* (the "Motion"). Pursuant to the Fourth Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or hearing if no party in interest files a response or objection **within twenty-one (21) days** from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk at Clerk at the United States Bankruptcy Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Suite 1340, Atlanta, Georgia 30303, and serve a copy on the Debtors' attorney, at Greenberg Traurig, LLP, Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305, Attn: John D. Elrod (elrodj@gtlaw.com) and Allison J. McGregor (Allison.McGregor@gtlaw.com),** and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Motion has been scheduled for October 8, 2025. The Court will hold a hearing on the Motion at **10:15 a.m. (prevailing Eastern Time) on October 8, 2025 in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested in the Application without further notice and without holding the scheduled hearing** provided than an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Date:   September 9, 2025
       Atlanta, Georgia

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*                  
John D. Elrod, GA Bar No. 246604
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 303095
Telephone:  (678) 553-2259
Facsimile: (678) 553-2269
Email:  elrodj@gtlaw.com
Allison.McGregor@gtlaw.com
*Proposed Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-58764 |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Motion for Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.      The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(c), 2015.3(d), 9006(b), and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 9006-2, 9013-1, and 9013-2 of the Local Rules of Practice for the United States Bankruptcy Court for the Northern

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

District of Georgia (the "<u>Local Rules</u>") and Procedure J(2) of *Second Amended and Restated General Order 26-2019, Procedures for Complex Chapter 11 Cases*, dated February 6, 2023 (the "<u>Complex Case Procedures</u>").

## **BACKGROUND**

3.     On August 4, 2025 (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "<u>Court</u>").  The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On August 14, 2025, the Office of the United States Trustee formed an official committee of unsecured creditors (the "<u>Committee</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>").  No request has been made for the appointment of a trustee or an examiner.

5.     The factual background relating to the Debtors' commencement of these cases is set forth in the *Declaration of David Baker, CTP in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 14] (the "<u>First Day Declaration</u>") filed on or about the Petition Date and incorporated herein by reference.[2]

## **RELIEF REQUESTED**

6.     By this Motion, the Debtors seek entry of the order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>") (a) authorizing the Debtors to continue to retain and compensate the OCPs (as defined below) on a postpetition basis in accordance with the OCP Procedures (as defined below), without the need for each OCP to file formal applications for

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the First Day Declaration.

retention and compensation pursuant to sections 327, 328, 330, and 331 of the Bankruptcy Code, and (b) granting related relief.

## ORDINARY COURSE PROFESSIONALS

7.      The Debtors employ various attorneys and other professionals in the ordinary course of business (collectively, the "OCPs"), who render a wide range of services to the Debtors in a variety of matters unrelated to these chapter 11 cases, including, among other things, intellectual property and tax accounting matters.  The Debtors' current OCPs are listed on **Exhibit B** attached hereto.[3]

## THE PROPOSED OCP PROCEDURES

8.      Specifically, the Debtors request that the Court approve the following procedures (the "OCP Procedures") for retaining and compensating OCPs:[4]

(a)      Each OCP shall file with the Court and serve a declaration of disinterestedness (each, a "Declaration of Disinterestedness") substantially in the form attached hereto as **Exhibit C** upon: (i) proposed counsel to the Debtors, Greenberg Traurig, LLP, 3333 Piedmont Road NE, Suite 2500, Atlanta, Georgia 30305, Attn.: John D. Elrod (elrodj@gtlaw.com) and Allison J. McGregor (Allison.McGregor@gtlaw.com); (ii) the U.S. Trustee, 75 Ted Turner Dr. S.W., Room 362, Atlanta, Georgia 30303, Attn: Lindsay Kolba (lindsay.p.kolba@usdoj.gov); (iii) counsel for the Prepetition Lenders, King & Spalding LLP, 1180 Peachtree Street NE, Suite 1600, Atlanta, GA 30309, Attn: Austin Jowers (AJowers@kslaw.com); (iv) counsel for the DIP Lender, Rountree Leitman Klein & Geer, LLC, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329 Attn: Will B. Geer (wgeer@rlkglaw.com); (v) proposed counsel for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019, Attn: Bradford J. Sandler (bsandler@pszjlaw), Shirley S. Cho (scho@pszjlawcom), Theodore S. Heckel (theckel@pszjlaw.com) and Small Herrin, 100 Galleria Parkway, Suite 350, Atlanta, GA

---

[3] The Debtors reserve their right to supplement the list of OCPs with additional filings on the Court's docket in accordance with the procedures set forth herein.

[4] For the avoidance of doubt, except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of this Court.

30339, Attn: Gus H. Small (gsmall@smallherrin.com) and Anna M. Humnicky (ahumnicky@smallherrin.com); and (vi) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "<u>Notice Party</u>," and collectively, the "<u>Notice Parties</u>").

(b)     The Notice Parties shall have 10 days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "<u>Objection Deadline</u>"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be consensually resolved within 10 days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 20 days from that date, or on a date otherwise agreed to by the parties.

(c)     If no objection is received from any of the Notice Parties by the Objection Deadline with respect to a particular OCP, then retention of the OCP shall be deemed approved by the Court without hearing or further order and the Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing postpetition services to the Debtors and pay such OCP in accordance with the OCP Procedures and the Proposed Order.

(d)     The Debtors are authorized to retain an OCP and to pay such OCP, without formal application to the Court, 100% of fees and disbursements owed to each retained OCP after such OCP (i) files with the Court and serves upon the Notice Parties a Declaration of Disinterestedness for which the Objection Deadline lapses and no objections are pending and (ii) submits to the Debtors an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that each OCP's fees, excluding costs and disbursements, during the pendency of the Debtors' chapter 11 cases do not exceed for each OCP set forth on **Exhibit B** attached to the Motion $25,000.00 per month on average over a rolling three-month period (the "<u>OCP Monthly Cap</u>") or $75,000.00 in the aggregate (the "<u>OCP Case Cap</u>"). The OCP Case Cap may be increased by mutual agreement between (i) the Debtors and (ii) counsel to the Prepetition Lender and DIP Lender, in consultation with the Committee; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase; *provided further*, that any increase of the OCP Case Cap shall be subject to the requirements imposed on the Debtors under any orders regarding debtor-in-possession financing

4

by the Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use).

(e)     To the extent that fees payable to any OCP exceed the applicable OCP Monthly Cap or OCP Case Cap set forth in paragraph (d) above, the OCP shall file a fee application with the Court for the amount in excess of the applicable OCP Monthly Cap or OCP Case Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rule.

(f)     At three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP. The first statement shall be filed on or before November 28, 2025, which shall cover payments made after entry of the Proposed Order through October 31, 2025.

(g)     The Debtors reserve the right to amend the list of OCPs from time to time to add or remove any OCPs during these chapter 11 cases by (i) filing an amended version of **Exhibit B** attached to this Motion with the Court and serving such amendment on the Notice Parties and (ii) having any such additional OCPs comply with the OCP Procedures.

9.     By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

## BASIS FOR RELIEF REQUESTED

10.     In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g., Comm. of Asbestos-Related Litigants v. Johns Manville Corp. (In re Johns Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[t]he phrase `professional persons,' as used in § 327(a), is a term of art reserved for those persons

5

who play an intimate role in the reorganization of a debtors' estate."); *In re Drexel Burnham Lambert Grp. Inc., 112 B.R.* 584, 587 (Bankr. S.D.N.Y. 1990) (same).   In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

(a)     whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

(b)     whether the entity is involved in negotiating the terms of a plan of reorganization;

(c)     whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d)     whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e)     the extent of the entity's involvement in the administration of the debtor's estate; and

(f)     whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re Fir st Merchs. Acceptance Corp.*, Case No. 97-1500, 1997 WL 873551, at *3 (Bankr. D. Del. Dec. 15, 1997) (listing factors); *In re Sieling Assocs. Ltd. P 'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 of the Bankruptcy Code approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtors' ongoing business, require approval under section 327 of the Bankruptcy Code).

11.    The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code.  None of the factors alone is dispositive.  Considering all of the factors, the Debtors do not believe that the OCPs are "professionals" requiring a full retention under section 327 of the Bankruptcy Code.  The OCPs will not be involved in the administration of these chapter 11 cases.  Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals.  Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish clear mechanisms for retention and payment of the OCPs and thereby avoid any subsequent controversy with respect thereto.

12.    Moreover, the Debtors submit that the continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, creditors, and other parties in interest.  The Debtors' estates and their creditors are best served by avoiding any disruption in the legal services that are required for the day-to-day operation of the Debtors' business.  Although the Debtors anticipate that the OCPs will wish to continue to represent the Debtors during these chapter 11 cases, many would not be in a position to do so if the Debtors cannot pay them on a regular basis. The relief requested herein will preserve the Debtors' access to the background knowledge, expertise, and familiarity that the OCPs possess regarding the Debtors and their operations, and will allow the Debtors to avoid incurring additional and unnecessary expenses in retaining and educating replacement counsel.

13.    In light of the number of OCPs and the costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be inefficient and costly for the Debtors and their counsel to prepare and

submit individual applications and proposed retention orders for each OCP. Accordingly, the Debtors seek a waiver of the monthly compensation procedures under Procedure (J)(2) of the Complex Case Procedures and request that this Court dispense with the requirement of individual employment applications, retention orders, and fee applications (subject to the limitation described above) with respect to each OCP, and that the Debtors be permitted to employ the OCPs from time to time as their services are needed.

14.     Although some of the OCPs may hold relatively small unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest.

15.     Courts in this district and others have regularly granted relief similar to that requested herein. *See, e.g., In re OTB Holding LLC, et al.,* Case No. 25-52415 (SMS) (Bankr. N.D. Ga. Apr. 1, 2025) [Docket No. 176]; *In re LaVie Care Centers, LLC, et al.*, Case No. 24-55507 (PMB) (Bankr. N.D. Ga. June 2, 2024) [Docket No. 265]; *In re The Krystal Company, et al.*, Case No. 20-61065 (PWB) (Bankr. N.D. Ga. Jan. 19, 2020) [Docket No. 221]; *In re Star Chain, Inc., et al.*, Case No. 19-65768 (WLH) (Bankr. N.D. Ga. Oct. 2, 2019) [Docket No. 252]; *In re Jack Cooper Ventures, Inc., et al.*, Case No. 19-62393 (PWB) (Bankr. N.D. Ga. Sept. 12, 2019) [Docket No. 275]; *In re Astroturf LLC*, Case No. 16-41505 (PWB) (Bankr. N.D. Ga. July 20, 2016) [Docket No. 114]; *In re Cagle's Inc.*, Case No. 11-80202 (JB) (Bankr. N.D. Ga. Nov. 28, 2011) [Docket No. 158]; *In re AtheroGenics, Inc.*, Case No. 08-78200 (JEM) (Bankr. N.D. Ga. Oct. 16, 2008) [Docket No. 51]; *In re Atlantis Plastics, Inc.*, Case No. 08-75473 (PWB) (Bankr. N.D. Ga. Sept. 3, 2008) [Docket No. 151]; *In re Allied Holdings, Inc.*, Case No. 05-12515 (WHD) (Bankr.

N.D. Ga. Aug. 2, 2005) [Docket No. 55 ]; *In re Rhodes, Inc.*, Case No. 04-78434 (MGD) (Bankr. N.D. Ga. Nov. 5, 2004) [Docket No. 53].[5]

## RESERVATION OF RIGHTS

16.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any party in interests' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the rights of the Debtors or any party in interest to subsequently dispute such claim.

## NOTICE

17.     Notice of this Motion has been provided to the Limited Service List.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

18.     No prior request for the relief sought in the motion has been made to this or any other court.

(The remainder of this page is intentionally left blank.)

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

## **CONCLUSION**

WHEREFORE, the Debtors requests this Court enter an order, substantially in the form of

**Exhibit A**, granting the relief requested herein and such other and further relief as the Court may

deem just and proper.

Date:   September 9, 2025
            Atlanta, Georgia

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod, GA Bar No. 246604
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 303095
Telephone:  (678) 553-2259
Facsimile: (678) 553-2269
Email:  elrodj@gtlaw.com
Allison.McGregor@gtlaw.com

*Proposed Counsel for the Debtors and
Debtors in Possession*

10

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-58764<br><br>(Jointly Administered)<br><br>**Related to Docket No.** |

**ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF**
**CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the *Motion for Entry of an Order Authorizing the Retention and Compensation of*

*Certain Professionals Utilized in the Ordinary Course of Business* (the "Motion") [Docket No.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

\_\_\_], filed on September 9, 2025;[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28, U.S.C. § 157(b); and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and (i) the opportunity to object to relief required in the Motion by September 30, 2025 (the "Objection Deadline") and (ii) the hearing on the Motion schedule for October 8, 2025 at 10:15 a.m. (prevailing Eastern Time) having been given under the particular circumstances pursuant to the Fourth Amended and Restated General Order No. 24-2018; and no objection to the Motion having been filed prior to the Objection Deadline; and based on the foregoing, no further notice or hearing is required and the Court finds that good cause exists to grant the relief requested in the Motion; and the Court having considered the Motion and all other matters of record, including the lack of objection thereto,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to retain and pay reasonable fees and expenses for the services of the professionals identified on **Exhibit B** attached to the Motion in the ordinary course of business (collectively, the "OCPs")[3] to assist and advise the Debtors in the operation of their businesses and to defend the Debtors in matters arising in the ordinary course of the Debtors' businesses in accordance with the OCP Procedures and the terms hereof.

3.      The following OCP Procedures are hereby approved:

(a)     Each OCP shall file with the Court and serve a declaration of disinterestedness (each, a "Declaration of Disinterestedness") substantially in the form attached to the Motion as **Exhibit C** upon:

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[3] Except as authorized by this Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of this Court.

(i) proposed counsel to the Debtors, Greenberg Traurig, LLP, 3333 Piedmont Road NE, Suite 2500, Atlanta, Georgia 30305, Attn.: John D. Elrod (elrodj@gtlaw.com) and Allison J. McGregor (Allison.McGregor@gtlaw.com); (ii) the U.S. Trustee, 75 Ted Turner Dr. S.W., Room 362, Atlanta, Georgia 30303, Attn: Lindsay Kolba (lindsay.p.kolba@usdoj.gov); (iii) counsel for the Prepetition Lenders, King & Spalding LLP, 1180 Peachtree Street NE, Suite 1600, Atlanta, GA 30309, Attn: Austin Jowers (AJowers@kslaw.com); (iv) counsel for the DIP Lender, Rountree Leitman Klein & Geer, LLC, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329 Attn: Will B. Geer (wgeer@rlkglaw.com); (v) proposed counsel for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019, Attn: Bradford J. Sandler (bsandler@pszjlaw), Shirley S. Cho (scho@pszjlawcom), Theodore S. Heckel (theckel@pszjlaw.com) and Small Herrin, 100 Galleria Parkway, Suite 350, Atlanta, GA 30339, Attn: Gus H. Small (gsmall@smallherrin.com) and Anna M. Humnicky (ahumnicky@smallherrin.com); and (vi) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "<u>Notice Party</u>," and collectively, the "<u>Notice Parties</u>").

(b)    The Notice Parties shall have 10 days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "<u>Objection Deadline</u>"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be consensually resolved within 10 days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 20 days from that date, or on a date otherwise agreed to by the parties.

(c)    If no objection is received from any of the Notice Parties by the Objection Deadline with respect to a particular OCP, then retention of the OCP shall be deemed approved by the Court without hearing or further order and the Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing postpetition services to the Debtors and pay such OCP in accordance with the OCP Procedures and the Proposed Order.

(d)    The Debtors are authorized to retain an OCP and to pay such OCP, without formal application to the Court, 100% of fees and disbursements owed to each retained OCP after such OCP (i) files with the Court and serves upon the Notice Parties a Declaration of

3

Disinterestedness for which the Objection Deadline lapses and no objections are pending and (ii) submits to the Debtors an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that each OCP's fees, excluding costs and disbursements, during the pendency of the Debtors' chapter 11 cases do not exceed for each OCP set forth on **Exhibit B** attached to the Motion $25,000.00 per month on average over a rolling three-month period (the "OCP Monthly Cap") or $75,000.00 in the aggregate (the "OCP Case Cap"). The OCP Case Cap may be increased by mutual agreement between (i) the Debtors and (ii) counsel to the Prepetition Lender and the DIP Lender, in consultation with the Committee; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase; *provided further*, that any increase of the OCP Case Cap shall be subject to the requirements imposed on the Debtors under any orders regarding debtor-in-possession financing by the Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use).

(e)     To the extent that fees payable to any OCP exceed the applicable OCP Monthly Cap or OCP Case Cap set forth in paragraph (d) above, the OCP shall file a fee application with the Court for the amount in excess of the applicable OCP Monthly Cap or OCP Case Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(f)     At three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP. The first statement shall be filed on or before November 28, 2025, which shall cover payments made after entry of the Proposed Order through October 31, 2025.

(g)     The Debtors reserve the right to amend the list of OCPs from time to time to add or remove any OCPs during these chapter 11 cases by (i) filing an amended version of **Exhibit B** attached to the Motion with the Court and serving such amendment on the Notice Parties and (ii) having any such additional OCPs comply with the OCP Procedures.

4

4.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the rights of the Debtors or any party in interest to subsequently dispute such claim, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

5.      Notwithstanding anything to the contrary contained herein, (i) any payment made or to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved postpetition financing facility or any order regarding the use of cash collateral approved by the Court in these chapter 11 cases (the "DIP Order"), and (ii) to the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the DIP Order and the Budget (as defined in the DIP Order) shall control.  For the avoidance of doubt, the Debtors are not authorized to make payments pursuant to this Order except as permitted by the Budget.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules for the Northern District of Georgia and the Complex Case Procedures are satisfied by such notice.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

10.     Proposed counsel for the Debtors, through Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") shall, within three (3) days of the entry of this Order, cause a copy of this Order to be served by electronic mail or first class mail, as applicable, on all parties served with the Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

[END OF ORDER]

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod, GA Bar No. 246604
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
Email: elrodj@gtlaw.com
Allison.McGregor@gtlaw.com

*Proposed Counsel for the Debtors*
*and Debtors in Possession*

**<u>Exhibit B</u>**

**Ordinary Course Professionals**

| **Name** | **Address** | **Type of Service** |
|---|---|---|
| CliftonLarsonAllen | c/o Adam Matheson, Esq., 220 South Sixth Street, Suite 300 Minneapolis, MN 55402-1436 | Tax, Accounting, Advisory, Assurance |
| Venable | c/o Stephen Gallagher, Esq., 1850 Towers Crescent Plaza, Suite 400, Tysons, VA 22182 | Intellectual Property Law |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## Exhibit C

**Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-58764 |
| Debtors. | (Jointly Administered) |

<u>**DECLARATION OF DISINTERESTEDNESS**</u>

I [**Name**], declare under penalty of perjury:

1.     I am a [**Title**] of [**Firm**], located at [**Address**] (the "<u>Firm</u>").

2.     Wellmade Floor Coverings International, Inc., and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), have requested that the Firm provide [**specific description**] services to the Debtors, and the Firm has consented to provide such services.

3.     The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425).  The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

7.      The Debtors owe the Firm $[●] for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*.

8.      The Firm understands that it must file a proof of claim for such fees and expenses unless the amount thereof is properly listed on the Debtors' schedules of liabilities and is not designated therein as contingent, unliquidated, or disputed.

9.      As of the Petition Date, the Firm [**was/was not**] party to an agreement for indemnification with certain of the Debtors.  [**A copy of such agreement is attached as** Exhibit 1 **to this Declaration**.]

10.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  [●][●], 2025

_____
[**DECLARANT**]