IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: <br><br> WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*, <br><br> Debtor. | CASE NO. 25-58764-sms <br><br> CHAPTER 11 <br><br> (Jointly Administered) |

### CREDITORS YUCONG LIU, YIXIANG ZHANG, AND CANGEN HAN'S LIMITED OBJECTION TO DEBTORS' MOTION SEEKING ENTRY OF AN ORDER APPROVING SALE

On September 26, 2025, Wellmade Floor Coverings International, Inc. and Wellmade Industries MFR. N.A. LLC (collectively, "Debtors" or "Wellmade") filed a Motion for Entry of an Order (a) Approving Private Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (b) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (c) Granting Related Relief ("the Motion"). [Doc. 194.] Creditors Yucong Liu, Yixiang Zhang, and Cangen Han (the "Labor Plaintiffs") now file this Limited Objection in response to the Motion.[1]

---

[1] The Labor Plaintiffs are listed as creditors on the Debtors' most recent Schedule of Assets and Liabilities [Doc. 185] and intend to file Proofs of Claim on the near future.

1

The Labor Plaintiffs support the proposed sale in general set forth in the Motion.

The Labor Plaintiffs file this limited objection because the proposed sale includes two potentially objectionable issues. The sale of assets includes "Specified Avoidance Actions," which are defined broadly to include any avoidance action against an affiliate of Buyer, any avoidance action against "counterparties" with whom the Buyer continues to conduct business, and a catch-all category of "Avoidance Actions… relating in any way to the Acquired Assets." The Labor Plaintiffs are concerned that this broad definition of "Specified Avoidance Actions" can be used as an ever-expanding shield in the future for improper purposes. For example, the Bankruptcy Code term "affiliate" is defined in a manner to include controlling votes of 20% or more, i.e., a type of insider. It is conceivable that the Buyer may offer an executive compensation package to present insiders of the Debtors to come and work for the Buyer as an integral part of the Acquired Assets as a going concern. Under such circumstances, the Debtors' insiders would soon become the Buyer's insiders and enjoy a shield from avoidance action scrutiny, making this proposed sale more than just a proposed sale, but also a *sub rosa* settlement of claims against insiders. It would be better if the Debtors and Buyer could specify which "Specified Avoidance Actions" are being purchased rather than have an open-ended definition that can be manipulated as a shield after the fact. After all, the Debtors had a duty to disclose

2

all potential preferential transfers in questions 3 and 4 of their Statement of Financial Affairs, and all transactions outside of the ordinary course of business for the two-year period prior to the petition date in question 13 of the Statement of Financial Affairs. [Doc. 185.] On the presumption that the Debtors have provided full and truthful information, the Debtors and Buyer should identify those Specified Avoidance Actions specifically so the estates know exactly what they are selling as part of the proposed sale.

The Labor Plaintiffs have had limited time to review Sale Order. As such, the Labor Plaintiffs reserve their rights to make any and all additional objections at the upcoming hearing.

Respectfully submitted this day: September 30, 2025.

>*/s/ Daniel Werner*
>Daniel Werner
>Georgia Bar No. 422070
>Elaine Woo
>Georgia Bar No. 430956
>RADFORD SCOTT LLP
>125 Clairemont Avenue, Suite 380
>Decatur, Georgia 30030
>Telephone: 404.400.3600
>dwerner@radfordscott.com

[Signature block continues on following page]

3

*/s/ Aaron Halegua*
Aaron Halegua*
New York Bar No. 4764163
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Telephone: (646) 854-9061
ah@aaronhalegua.com
*Admitted pro hac vice

*/s/ John-Patrick M. Fritz*
John-Patrick M. Fritz**
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK  L.L.P.
2818 La Cienega Ave.
Los Angeles, California 90034
Telephone: (310) 229-1234
jpf@lnbyg.com
** Pro hac vice application submitted

*Counsel for Creditors Yucong Liu, Yixiang Zhang, and Cangen Han*