UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-58764<br><br>(Jointly Administered) |

**STATUS REPORT BY CREDITORS YUCONG LIU, YIXIANG ZHANG, AND CANGEN HAN'S ON DEBTORS' MOTION SEEKING ENTRY OF AN ORDER SETTING A BAR DATE FOR FILING PROOFS OF CLAIM AND OTHER RELIEF**

1. On September 15, 2025, Creditors Yucong Liu, Yixiang Zhang, and Cangen Han (the "Labor Plaintiffs") filed a Limited Objection (ECF No. 171) to the Debtors' Motion Seeking Entry of an Order Setting a Bar Date for Filing Proofs of Claim and Other Relief (the "Motion").[1]

**Exchange of Information**

2. On September 29, 2025, the Court held a hearing on the Motion (the "Hearing") and continued the hearing to Monday, October 6, 2025. The Court instructed that prior to the continued hearing date, the Debtor circulate a revised proposed order to the Committee and Labor Plaintiffs, In addition, the Court "encourage[d] the parties to talk and share information so that … the Committee and Mr. Halegua have an understanding of what information it is the Debtor has and what they don't have… [F]or example, the list of the Excel spreadsheet that Ms. McGregor's come up with -- like, here's the list of former employees that we don't have contact information for, you know, as you fill in contact information, you can give him the list of names and say this is

---

[1] The defined terms have the same meaning as in the Motion and the Labor Plaintiffs' Limited Objection, unless otherwise noted.

1

who we have contact information for and this is who we don't have contact information for." (Hr'g Tr. 114:20–115:8).

3. On September 29, 2025, Debtor circulated proposed language in English, Chinese, and Spanish for the single paragraph to be inserted into the Bar Date Notice. Labor Claimants and the Committee responded that they would not agree to including the imprisonment term and fine in that text. Debtor nonetheless insisted on that language.

4. On September 30, 2025, the Labor Plaintiffs sent an email to Debtors with the information they possessed about the various labor agencies used by the Debtors.

5. On October 2, 2025 at 10:31pm, Debtor circulated a revised Proposed Bar Date Order and Notice (the "Revised Proposed Order").

6. Later that evening (technically, the next morning), Labor Plaintiffs responded to Debtor that they would prepare a track-change edit of the Revised Proposed Order, and requested that, in the meantime, Debtor provide information such as their Excel spreadsheet of the current and former employees/contractors and the type of contact information available for each person.

7. As of the filing of this Status Report, the Labor Claimants have not received a response to their email or any further information about the Debtors' plan to issue notice.

## Revised Proposed Order

8. The lack of information about what information Debtors have about the current and former employees/contractors makes it difficult for the Labor Plaintiffs to propose their own language for the Revised Proposed Order.

9. Nonetheless, the Labor Claimants are attaching as **Appendix A** a redline of their proposed edits to the Revised Proposed Order. A copy is also being transmitted to Debtor by email.

2

10. The Labor Claimants' revisions, *inter alia*, set a bar date that is at least 30 days from the issuance of any order, propose language for the "summary" paragraph without the threatened penalties, require that the Claims Agent create a portal on its website for the electronic submission of claims, and reduce the content for publication in the Chinese and Spanish newspapers to essentially the summary paragraph in the relevant language.

## Notice via Text Message, WhatsApp, and WeChat

11. Counsel for Labor Claimants now represent several Latino workers recruited by Faven to work at the Debtors' factory in Georgia. (Three FLSA consent to sue forms have been filed in the District Court case). These individuals further confirmed that Debtors used WeChat to communicate with them while they worked at the factory, and provided counsel with screenshots of such conversations, which counsel can make available to the Court if requested.

12. During the Hearing, the Court inquired about cases in which courts have authorized the delivery of notice via text message, WhatsApp, or WeChat. While Labor Claimants have not found any bankruptcy court orders concerning bar date notice that address this subject, there are numerous instances in which federal district courts permit distribution of notice via the WhatsApp and WeChat applications to potential opt-in members of an FLSA collective. See *Chen v. Thai Greenleaf Rest. Corp.*, 21-CV-01382, 2024 WL 3742718, at *6 (E.D.N.Y. Aug. 9, 2024) (permitting distribution via WeChat and WhatsApp to potential FLSA collective opt-ins because these applications are utilized heavily by Chinese-American and Hispanic-American immigrant workers); *Cruz v. Ultimate Care, Inc.*, 22-CV-7520, 2024 WL 1342742, at *6 (E.D.N.Y. Mar. 29, 2024) (approving notice via WhatsApp and noting objections to notice via text message are "quite outdated and not in touch with the reality of current life in the United States of America");

3

*Gonzalez v. CNL Wings VII, Inc.*, SA-14-CA-886, 2015 WL 10818674 (W.D. Tex. Mar. 24, 2015) (approving notice via WhatsApp).

13.     In a case involving defrauded Chinese investors, the appointed receiver proposed (and the Court approved) the distribution of notice to potential investors via WhatsApp because the books and records of the defendants were incomplete. *See Chun Liu v. Florida Immigration Building Funding LLC, et al.*, Case No. 2020-022425-CA-43, Filing # 224600741, ¶¶ 21–26 (Fla.Cir.Ct., Miami-Dade County June 5, 2025).[2]

Dated: October 3, 2025

Respectfully submitted,

/s/ Aaron Halegua
Aaron Halegua*
New York Bar No. 4764163
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Telephone: (646) 854-9061
ah@aaronhalegua.com
*Admitted pro hac vice

/s/ Daniel Werner
Daniel Werner
Georgia Bar No. 422070
dwerner@radfordscott.com
Elaine Woo
Georgia Bar No. 430956
ewoo@radfordscott.com
RADFORD SCOTT LLP

---

[2] A copy of the motion is available at: https://fibfreceivership.com/wp-content/uploads/2025/07/2025-06-05-405-Receivers-Motion-to-i-Establish-A-Claims-Administration-Process-and-ii-Approve-A-Plan-of-Distribution-Incorporated-Memorandum-of-Law-1.pdf. A copy of the order granting the motion is available at: https://fibfreceivership.com/wp-content/uploads/2025/07/Agreed-Order-Granting-Receivers-Motion-to-Establish-Claims-Administration-Process-and-Approve-Plan-of-Distribution-7-31-25-1.pdf.

125 Clairemont Ave., Suite 380
Decatur, Georgia 30030
Telephone: (678) 271-0300

John-Patrick M. Fritz
LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.
2818 La Cienega Ave.
Los Angeles, CA 90034
Tel: (310) 229-3395
Email: jpf@lnbyg.com
*Admitted pro hac vice

*Attorneys for Creditors Yucong Liu,
Yixiang Zhang, and Cangen Han*

5

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*, | Case No. 25-58764 |
| Debtors. | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 3, 2025, I electronically filed the foregoing STATUS REPORT BY CREDITORS YUCONG LIU, YIXIANG ZHANG, AND CANGEN HAN'S ON DEBTORS' MOTION SEEKING ENTRY OF AN ORDER SETTING A BAR DATE FOR FILING PROOFS OF CLAIM AND OTHER RELIEF with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record and parties registered to receive electronic notice in this case.

Dated: October 3, 2025

                                             Respectfully submitted,

                                             */s/ Aaron Halegua*
                                             Aaron Halegua*
                                             New York Bar No. 4764163
                                             AARON HALEGUA, PLLC
                                             524 Broadway, 11th Floor
                                             New York, New York 10012
                                             Telephone: (646) 854-9061
                                             ah@aaronhalegua.com
                                             *Admitted pro hac vice