**IT IS ORDERED as set forth below:**

**Date: October 2, 2025**

_____

**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-58764<br><br>(Jointly Administered)<br><br>**Related to Docket No. 153** |

**ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the *Motion for Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* (the "Motion") [Docket No.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

153], filed on September 9, 2025;[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28, U.S.C. § 157(b); and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and (i) the opportunity to object to relief required in the Motion by September 30, 2025 (the "Objection Deadline") and (ii) the hearing on the Motion scheduled for October 8, 2025 at 10:15 a.m. (prevailing Eastern Time) having been given under the particular circumstances pursuant to the Fourth Amended and Restated General Order No. 24-2018; and no objection to the Motion having been filed prior to the Objection Deadline; and based on the foregoing, no further notice or hearing is required and the Court finds that good cause exists to grant the relief requested in the Motion; and the Court having considered the Motion and all other matters of record, including the lack of objection thereto,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to retain and pay reasonable fees and expenses for the services of the professionals identified on **Exhibit B** attached to the Motion in the ordinary course of business (collectively, the "OCPs")[3] to assist and advise the Debtors in the operation of their businesses and to defend the Debtors in matters arising in the ordinary course of the Debtors' businesses in accordance with the OCP Procedures and the terms hereof.

3. The following OCP Procedures are hereby approved:

    (a) Each OCP shall file with the Court and serve a declaration of disinterestedness (each, a "Declaration of Disinterestedness") substantially in the form attached to the Motion as **Exhibit C** upon:

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[3] Except as authorized by this Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of this Court.

2

       (i) proposed counsel to the Debtors, Greenberg Traurig, LLP, 3333 Piedmont Road NE, Suite 2500, Atlanta, Georgia 30305, Attn.: John D. Elrod (elrodj@gtlaw.com) and Allison J. McGregor (Allison.McGregor@gtlaw.com); (ii) the U.S. Trustee, 75 Ted Turner Dr. S.W., Room 362, Atlanta, Georgia 30303, Attn: Lindsay Kolba (lindsay.p.kolba@usdoj.gov); (iii) counsel for the Prepetition Lenders, King & Spalding LLP, 1180 Peachtree Street NE, Suite 1600, Atlanta, GA 30309, Attn: Austin Jowers (AJowers@kslaw.com); (iv) counsel for the DIP Lender, Rountree Leitman Klein & Geer, LLC, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329 Attn: Will B. Geer (wgeer@rlkglaw.com); (v) proposed counsel for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019, Attn: Bradford J. Sandler (bsandler@pszjlaw), Shirley S. Cho (scho@pszjlawcom), Theodore S. Heckel (theckel@pszjlaw.com) and Small Herrin, 100 Galleria Parkway, Suite 350, Atlanta, GA 30339, Attn: Gus H. Small (gsmall@smallherrin.com) and Anna M. Humnicky (ahumnicky@smallherrin.com); and (vi) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party," and collectively, the "Notice Parties").

(b)     The Notice Parties shall have 10 days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "Objection Deadline"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be consensually resolved within 10 days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 20 days from that date, or on a date otherwise agreed to by the parties.

(c)     If no objection is received from any of the Notice Parties by the Objection Deadline with respect to a particular OCP, then retention of the OCP shall be deemed approved by the Court without hearing or further order and the Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing postpetition services to the Debtors and pay such OCP in accordance with the OCP Procedures and the Proposed Order.

(d)     The Debtors are authorized to retain an OCP and to pay such OCP, without formal application to the Court, 100% of fees and disbursements owed to each retained OCP after such OCP (i) files with the Court and serves upon the Notice Parties a Declaration of

        Disinterestedness for which the Objection Deadline lapses and no objections are pending and (ii) submits to the Debtors an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that each OCP's fees, excluding costs and disbursements, during the pendency of the Debtors' chapter 11 cases do not exceed for each OCP set forth on **Exhibit B** attached to the Motion $25,000.00 per month on average over a rolling three-month period (the "OCP Monthly Cap") or $75,000.00 in the aggregate (the "OCP Case Cap"). The OCP Case Cap may be increased by mutual agreement between (i) the Debtors and (ii) counsel to the Prepetition Lender and the DIP Lender, in consultation with the Committee; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase; *provided further*, that any increase of the OCP Case Cap shall be subject to the requirements imposed on the Debtors under any orders regarding debtor-in-possession financing by the Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use).

(e)        To the extent that fees payable to any OCP exceed the applicable OCP Monthly Cap or OCP Case Cap set forth in paragraph (d) above, the OCP shall file a fee application with the Court for the amount in excess of the applicable OCP Monthly Cap or OCP Case Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(f)        At three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP. The first statement shall be filed on or before November 28, 2025, which shall cover payments made after entry of the Proposed Order through October 31, 2025.

(g)        The Debtors reserve the right to amend the list of OCPs from time to time to add or remove any OCPs during these chapter 11 cases by (i) filing an amended version of **Exhibit B** attached to the Motion with the Court and serving such amendment on the Notice Parties and (ii) having any such additional OCPs comply with the OCP Procedures.

4

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the rights of the Debtors or any party in interest to subsequently dispute such claim, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary contained herein, (i) any payment made or to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved postpetition financing facility or any order regarding the use of cash collateral approved by the Court in these chapter 11 cases (the "DIP Order"), and (ii) to the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the DIP Order and the Budget (as defined in the DIP Order) shall control.  For the avoidance of doubt, the Debtors are not authorized to make payments pursuant to this Order except as permitted by the Budget.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules for the Northern District of Georgia and the Complex Case Procedures are satisfied by such notice.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

10. Proposed counsel for the Debtors, through Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") shall, within three (3) days of the entry of this Order, cause a copy of this Order to be served by electronic mail or first class mail, as applicable, on all parties served with the Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

[END OF ORDER]

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod, GA Bar No. 246604
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
Email: elrodj@gtlaw.com
Allison.McGregor@gtlaw.com

*Counsel for the Debtors
and Debtors in Possession*