**IT IS ORDERED as set forth below:**

**Date: October 9, 2025**

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-58764<br><br>(Jointly Administered) |

**ORDER (I) SETTING A BAR DATE FOR FILING PROOFS OF CLAIM; (II) SETTING AN AMENDED SCHEDULES BAR DATE; (III) SETTING A REJECTION DAMAGES BAR DATE; (IV) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM; (V) APPROVING NOTICE OF THE BAR DATES; AND (VI) GRANTING RELATED RELIEF**

This matter is before the Court on the *Motion Seeking Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claim; (II) Setting an Amended Schedules Bar Date; (III) Setting a Rejection Damages Bar Date; (IV) Approving the Form of and Manner For Filing Proofs of Claim;*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

*(V) Approving Notice of the Bar Dates; and (VI) Granting Related Relief* (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[2]

Upon the Motion of the Debtors for entry of an order (this "Bar Date Order") (a) establishing the bar dates for filing proofs of claim in these chapter 11 cases; (b) establishing the bar date for filing proofs of claim following the Debtors' amendment of their Schedules; (c) establishing the bar date for filing proofs of claim for damages arising from the Debtors' rejection of executory contracts or unexpired leases; (d) approving the form of and manner for filing proofs of claim; (e) approving notice of the Bar Dates; and (f) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; the Court having heard the statements of counsel in support of the relief requested therein, and the objections thereto, at a hearing held on September 29, 2025 and continued on October 6, 2025 (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this

---

[2] All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Hearing on the Motion or by stipulation filed with the Court, are overruled.

**A. The Bar Dates and Procedures for Filing Proofs of Claim**

3. Each entity that asserts a claim against the Debtors that arose before the Petition Date is required to file an original, written Proof of Claim, substantially in the form attached hereto as **Exhibit 1** or Official Form 410. Certain portions of the Proof of Claim shall also be translated into Mandarin and Spanish as agreed upon by the Debtors and the Committee, including Part 1.1 ("Who is the Current Creditor"), Part 1.3 ("Where should notices and payments to the creditor be sent"); Part 1.7 ("How much is the claim?"); Part 1.8 ("What is the basis of the claim"); and Part 3 (Sign Below). All Proofs of Claim shall be completed in the English language. Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all Proofs of Claim must be filed so that they are received on or before November 21, 2025, at 5:00 p.m., prevailing Eastern Time (the "Claims Bar Date"), at the addresses and in the form set forth herein. The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the Claims Bar Date as set forth in this Bar Date Order.

4. Except as otherwise provided for herein, all governmental units, holding prepetition claims against any Debtor must file Proofs of Claim, so that such Proofs of Claim are received by the Claims and Noticing Agent on or before April 4, 2026, at 5:00 p.m., prevailing Eastern Time

(the "Governmental Bar Date"). Unless otherwise stated herein, the Governmental Bar Date shall apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including, without limitation, secured claims, unsecured priority claims, and unsecured non-priority claims.

5. If the Debtors file a previously unfiled Schedule or amend or supplement the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail and, solely with respect to the Debtors' former employees with valid e-mail addresses, electronic mail, of any filing, amendment, or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall as the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days from the date the notice of the filing, amendment or supplement is given (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

6. Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable; or (b) the date set by the Court in an order approving the rejection of any such executory contract or unexpired lease (the "Rejection Damages Bar Date").

7. All Proofs of Claim must be filed so as to be received by the Claims and Noticing Agent on or before the applicable Bar Date. If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any chapter

11 plans filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

**B. Parties Required to Submit a Proof of Claim**

8. The following categories of claimants shall be required to file a Proof of Claim by the applicable Bar Date:

(a) any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" and if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

(b) any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

(c) any entity that believes that any claim listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a different Debtor;

(d) any person or entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim; and

(e) any person or entity who asserts a claim arising from or related to pending or threatened litigation against a Debtor.

**C. Parties Not Required to File Proofs of Claim**

9. The following categories of claimants shall not be required to file a Proof of Claim:

(a) any entity that already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with the Claims and Noticing Agent in a form substantially similar to Official Form 410;

(b) any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c) the DIP Lender and the Prepetition Lender;

(d) any entity that believes that its claim asserts administrative priority and arising in the ordinary course of business (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code);

(e) any entity whose claim previously has been allowed by order of the Court;

(f) any entity whose claim has been paid in full by the Debtors in accordance with an order of the Court;

(g) any Debtor or non-Debtor subsidiary having a claim against another Debtor;

(h) any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(i) any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

(j) an employee of any Debtor holding a claim for wages, commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business; provided, however, that a current or former employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation, as applicable;

(k) any entity holding a claim for which a separate deadline is fixed by the Court;

(l) any entity that is exempt from filing a Proof of Claim by order of the Court; and

(m) administrative expense claims for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code.

10. Persons or entities who have already filed proofs of claim that comply with the procedures set forth in the Bar Date Order prior to entry of the Bar Date Order shall not be required to refile such Proofs of Claim.

**D. Substantive Requirements of Proofs of Claim**

11. The following requirements shall apply with respect to filing and preparing each Proof of Claim:

(a) Contents. Each Proof of Claim must: (i) be legible and written in English; (ii) include a claim amount denominated in United States dollars (using the Petition Date rate of conversion, if applicable); (iii) conform substantially with the Proof of Claim Form or Official Form 410; and (iv) be signed under penalty of perjury by the claimant or by an authorized agent or legal representative of the claimant.

(b) Original Signatures Required. Each Proof of Claim other than an electronically submitted Proof of Claim must contain an original signature of the claimant or the claimant's authorized agent or legal representative. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(c) Identification of the Debtor Entity. Each Proof of Claim must clearly identify the Debtor against which the claim is being asserted, including such Debtor's individual case number. A Proof of Claim filed under the joint administration case number (No. 25-58764) or otherwise without identifying a specific Debtor, will be deemed filed only against Debtor Wellmade Floor Coverings International, Inc.

(d) Claim Against Multiple Debtors. Each Proof of Claim must state a claim against only one Debtor. If a creditor has a claim against multiple Debtors, it must file a separate Proof of Claim against each such Debtor. If more than one Debtor is listed on a single Proof of Claim, the asserted claim will be deemed filed only against the first-listed Debtor. If the claimant asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim must be filed with respect to each Debtor.

(e) Supporting Documentation. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).

(f) Timely Filing. Each Proof of Claim (including supporting documentation) must be filed so as to be received, on or before the applicable Bar Date by either: (i) electronically using the interface available on the Notice and Claims Agent's website at https://www.veritaglobal.net/wellmade/info/14565; or (ii) first-class U.S. Mail, overnight or express mail (including FedEx, UPS, DHL, etc.), or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:

Wellmade Claims Processing Center
c/o KCC dba Verita
222 N. Pacific Coast Hwy, Suite 300
El Segundo, CA 90245

Proofs of claim submitted by facsimile or electronic mail will not be accepted and will not be deemed timely filed.

(g) Receipt of Service. Claimants wishing to receive acknowledgment that their Proofs of Claim were timely received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim (in addition to the original Proof of Claim) and (ii) a self-addressed, stamped envelope.

**E. Identification of Known Creditors**

12. The Debtors shall mail notice of the Bar Dates only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

**F. Procedures for Providing Notice of Bar Date**

**a. Mailing of the Bar Date Notice**

13. On or before October 13, 2025, the Debtors shall cause written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first-class U.S. mail and, solely with respect to the Debtors' former employees and independent contractors with valid e-mail addresses, electronic mail, to the following entities:

(a) the Office of the U.S. Trustee;

(b) the Office of the United States Attorney for the Northern District of Georgia and for the other federal districts in which the Debtors conduct business;

(c) counsel to the Committee;

(d) all creditors and holders of potential claims against the Debtors, in each case, known as of the date of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have addresses;

(e) each of the parties on the limited service list maintained by the Claims and Noticing Agent (the "Limited Service List");

(f) all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

(g) all persons or entities that, upon reasonable inquiry, are believed to have conducted business with the Debtors;

(h) all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date the Bar Date Order is entered;

(i) all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

(j) all known non-Debtor holders of equity interests in the Debtors as of the date the Bar Date Order is entered;

(k) all entities who are party to executory contracts and unexpired leases with the Debtors;

(l) all entities who are party to pending or threatened litigation with the Debtors as of the date of the entry of the Bar Date Order;

(m) all current and former employees[3] and independent contractors (to the extent that contact information for former employees is available in the Debtors' records, the Debtors shall cause written notice of the Bar Date package to be provided through electronic mail or other means to such former employees);

(n) all current and former third-party staffing agencies (with the exception of any agency that has already provided the Debtors with sufficient contact information) who previously provided staffing at the Debtors' Georgia factory, with a letter instructing the staffing agency that the Court has ordered the agency to provide the bar date notice to all individuals who the staffing agency provided to the Georgia factory in writing by mail at such individuals' last known address and by email or, if no mailing or email address, such other alternate method of communication that the staffing agency normally used to communicate with such individuals;[4]

(o) all regulatory authorities that regulate the Debtors' businesses;

(p) all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(q) the state attorneys general for states in which the Debtors conduct business;

(r) the United States Internal Revenue Service;

(s) all parties of utility services to the Debtors, including past providers who provided services within three (3) years of the Petition Date;

(t) the Debtors' current insurance providers, the Debtors' past insurance providers under whose policies open claims remain pending, and the Debtors' past insurance providers who provided coverage within three (3) years before the Petition Date, regardless of whether a claim is currently pending in respect of such coverage;

---

[3] Former employees of the Debtors' Oregon warehouse include those employees who worked for the Debtor within three (3) years of the Petition Date.

[4] For the avoidance of doubt, "third-party staffing agencies" includes any entity, whether a staffing agency, subsidiary, or other entity, that assisted the Debtors in locating workers for the Wellmade factory located in Cartersville, Georgia.

(u) the Debtors' ordinary course professionals;

(v) the Debtors' banks; and

(w) all parties included on the creditor matrix filed in these chapter 11 cases.

14. The Debtors shall provide all known creditors listed in the Schedules with a Proof of Claim Form. Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

15. Any entity that receives a Bar Date Package from the Debtors with instructions to subsequently serve such Bar Date Package on certain individuals that the Debtors believe such entity has contact information for is hereby required to either (a) mail a copy of the Bar Date Package to each individual by no later than October 15, 2025 or (b) provide the Debtors with personal addresses, email addresses, and/or other contact information for each of the individuals within two days of receipt of this Order.

16. After the initial mailing of the Bar Date Packages the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Packages in these and similar circumstances at any time up to twenty-one (21) days in advance of the Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

**b. Publication of the Bar Date Notice**

17. The Debtors shall cause notice of the Bar Dates to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the Publication Notice, in substantially the form annexed hereto as **Exhibit 3**, to be published on one occasion in *The Wall Street Journal* (National Edition), *The World Journal*,[5] and *Mundo Hispanico*.[6]

### G. Consequences of Failure to File a Proof of Claim

18. Any entity who is required, but fails, to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.

### H. Miscellaneous

19. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

20. The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

21. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

[5] Only the Mandarin translated paragraph located on page 3 of Exhibit 3, along with the header "Notice of Deadline for Filing Proofs of Claim Against Wellmade", shall be published in *The World Journal*.

[6] Only the Spanish translated paragraph located on page 3 of Exhibit 3, along with the header "Notice of Deadline for Filing Proofs of Claim Against Wellmade", shall be published in *Mundo Hispanico*.

22. Proposed counsel for the Debtors, through Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") shall, within three (3) days of the entry of this Bar Date Order, cause a copy of this Bar Date Order to be served by electronic mail or first class mail, as applicable, on all parties served with the Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

[END OF ORDER]

Prepared and presented by:

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod (Ga. Bar. No. 246604)
Allison J. McGregor (Ga. Bar. No. 860865)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Email: elrodj@gtlaw.com
Allison.McGregor@gtlaw.com

*Counsel for the Debtors and Debtors in Possession*

# **<u>Exhibit 1</u>**

**Proof of Claim Form**

Your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/wellmade

United States Bankruptcy Court for the Northern District of Georgia

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form**.)

☐ Wellmade Industries MFR. N.A LLC (Case No. 25-58760)

☐ Wellmade Floor Coverings International, Inc. (Case No. 25-58764)

Modified Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

**谁是目前的债权人？**

**¿Quién es el acreedor actual?**

______________________________________
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______________________________

2. **Has this claim been acquired from someone else?**

☐ No

☐ Yes. From whom? ______________________________

3. **Where should notices and payments to the creditor be sent?**

**给债权人的通知和付款应该往哪里寄送？**

**¿A dónde deben enviarse los avisos y pagos dirigidos al acreedor?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number Street

City State ZIP Code

Country

Contact phone ______________

Contact email ______________

**Where should payments to the creditor be sent?** (if different)

Name

Number Street

City State ZIP Code

Country

Contact phone ______________

Contact email ______________

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**

☐ No

☐ Yes. Claim number on court claims registry (if known) ________ Filed on ________ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing? ______________

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. **How much is the claim?**<br><br>债权金额是多少？<br><br>**¿Cuál es el monto de la reclamación?"** | $ ____________________. **Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?**<br><br>债权登记申请的基础是什么？<br><br>**¿Cuál es la base de la reclamación?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>________________________________________ |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: ____________________________________<br><br>**Basis for perfection:** ____________________________________<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $________________<br>**Amount of the claim that is secured:** $________________<br>**Amount of the claim that is unsecured:** $________________(The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $__________________<br><br>**Annual Interest Rate** (when case was filed)________%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $___________________ |
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: __________________________________________ |

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$________________

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

债权登记申请人必须签名并注明日期。**FRBP 9011(b). 提交欺诈债权登记的人根据18 U.S.C. §§152、157和3571条最高可罚款500,000美元，入狱最多5年，或两者并罚。**

**La persona que complete esta prueba de crédito debe firmarla y fecharla. FRBP 9011(b). Una persona que presente una reclamación fraudulenta puede ser multada con hasta $500,000, encarcelada por hasta 5 años, o ambas. 18 U.S.C. §§ 152, 157 y 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ______________
MM / DD / YYYY

_______________________________________
Signature

**Print the name of the person who is completing and signing this claim:**

Name ____________________________________________
First name Middle name Last name

Title ____________________________________________

Company ____________________________________________
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address ____________________________________________
Number Street

____________________________________________
City State ZIP Code Country

Contact phone ______________ Email ______________

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court 12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Wellmade Claims Processing Center
c/o KCC dba Verita Global
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/Wellmade

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at https://www.veritaglobal.net/Wellmade

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received.
11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

# **Exhibit 2**

**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-58764<br><br>(Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF (I) PROOFS OF CLAIM, AND (II) REJECTION DAMAGES CLAIMS**

The chapter 11 bankruptcy cases (the "Chapter 11 Cases") concerning the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") were filed on August 4, 2025 (the "Petition Date"). You may be a creditor of the Debtors.

On October 6, 2025, the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") entered an order (the "Bar Date Order")[2] in the Chapter 11 Cases establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), and claims for damages stemming from rejection of executory contracts or unexpired leases. For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form.

As used in this Notice, the term "entity" has the meaning given to it in 11 U.S.C. § 101(15) of Title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts, and governmental units. The terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bar Date Order.

**A. The Bar Dates**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 cases (the "Bar Dates"):

(a) The Claims Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims against any Debtor that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, ***are required to file Proofs of Claim so that such Proofs of Claim are received by the Claims and Noticing Agent by the Claims Bar Date (i.e., on or before November 21, 2025, at 5:00 p.m., prevailing Eastern Time).*** The Claims Bar Date applies to all types of claims against any Debtor that arose prior to the Petition Date, including, without limitation, secured claims, unsecured priority claims, and unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days before the Petition Date.

(b) The Governmental Bar Date. All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date ***are required to file proofs of claim so that such Proofs of Claim are received by the Claims and Noticing Agent by April 4, 2026, at 5:00 p.m., prevailing Eastern Time*** (the "Governmental Bar Date"). The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

***(c)*** The Amended Schedules Bar Date. Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or amendment or supplement to the Schedules ***are required to file Proofs of Claim so that such Proofs of Claim are received by the Claims and Noticing Agent by the Amended Schedules Bar Date (i.e., by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable depending on the claimant, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the Debtors provide notice of such filing, amendment or supplement).***

***(d)*** The Rejection Damages Bar Date. Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease ***are required to file Proofs of Claim with respect to such rejection so that such Proofs of Claim are received by the Claims and Noticing Agent by the Rejection Damages Bar Date (i.e., by the later of (a)***

***the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) the date set by the Court in an order approving such rejection).***

**B. Who Must File a Proof of Claim**

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date *must* file Proofs of Claim on or before the applicable Bar Date:

(a) any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" and if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

(b) any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

(c) any entity that believes that any claim listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a different Debtor;

(d) any person or entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim; and

(e) any person or entity who asserts a claim arising from or related to pending or threatened litigation against a Debtor.

**C. Parties Who Do Not Need to File Proofs of Claim**

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates shall not be required to file Proofs of Claims:

(a) any entity that already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with the Claims and Noticing Agent in a form substantially similar to Official Form 410;

(b) any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c) the DIP Lender and the Prepetition Lender;

(d) any entity that believes that its claim asserts administrative priority and arising in the ordinary course of business (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code);

(e) any entity whose claim previously has been allowed by order of the Court;

(f) any entity whose claim has been paid in full by the Debtors in accordance with an order of the Court;

(g) any Debtor or non-Debtor subsidiary having a claim against another Debtor;

(h) any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(i) any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

(j) an employee of any Debtor holding a claim for wages, commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business; provided, however, that a current or former employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation, as applicable;

(k) any entity holding a claim for which a separate deadline is fixed by the Court;

(l) any entity that is exempt from filing a Proof of Claim by order of the Court; and

(m) administrative expense claims for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code.

Persons or entities who have already filed proofs of claim that comply with the procedures set forth in this Notice prior to service of this Notice shall not be required to refile such Proofs of Claim.

**D. Current and Former Employees of the Debtors Filing Proofs of Claim**

If you worked at Wellmade's factory in Cartersville, Georgia, USA before August 4, 2025 and believe you have a claim against Wellmade, you must file a claim you must file a proof of claim in Wellmade's bankruptcy case by no later than November 21, 2025 at 5:00 pm (local time) (the "Bar Date") or else your claim will be barred. You may file your claim either through the following

website: https://www.veritaglobal.net/wellmade/info/14565 or by mailing in your form at the address provided in the Bar Date notice that can be found on the website. Each Proof of Claim must: (i) be legible and written in English; (ii) include a claim amount denominated in United States dollars (using the Petition Date rate of conversion, if applicable); (iii) conform with the Proof of Claim Form or Official Form 410; and (iv) be signed under penalty of perjury by the claimant or by an authorized agent or legal representative of the claimant.

如果您在 2025 年 8 月 4 日之前在美国佐治亚州卡特斯维尔的 Wellmade 工厂工作，并相信您对 Wellmade 可提出索赔，您必须在 2025 年 11 月 21 日下午 5:00（当地时间）在 Wellmade 的破产案中进行债权登记，否则您的索赔将被禁止。您可以在以下网站上登记债权：https://www.veritaglobal.net/wellmade/info/14565，或者邮寄到禁止日期通知（上述网站上可以找到该通知）上的地址。每份债权登记申请必须：（i）清晰可读且以英文书写；（ii）注明以美元计价的债权金额（如适用，使用申请日汇率）；（iii）符合债权登记表格或官方表格 410 的格式要求；（iv）由债权人或其授权代理人或法定代表人签署，并承担伪证法律责任。

"Si usted trabajó en la fábrica de Wellmade en Cartersville, Georgia, EE. UU., antes del 4 de agosto de 2025 y considera que tiene una reclamación contra Wellmade, deberá presentar una prueba de crédito en el proceso de quiebra de Wellmade a más tardar el 21 de noviembre de 2025 a las 5:00 p. m. (hora local) (la "Fecha Límite"), de lo contrario su reclamación no será admitida. Usted puede presentar su reclamación a través del siguiente sitio web: https://www.veritaglobal.net/wellmade/info/14565 o enviando por correo su formulario a la dirección indicada en el aviso de la Fecha Límite que se encuentra disponible en dicho sitio web." Cada Prueba de Crédito (*Proof of Claim*) deberá: (i) ser legible y estar redactada en inglés; (ii) incluir un monto reclamado expresado en dólares de los Estados Unidos (utilizando la tasa de conversión vigente a la Fecha de Petición (*Petition Date*)), si corresponde); (iii) ajustarse al Formulario de Prueba de Crédito (*Proof of Claim Form*) o al Formulario Oficial 410 (*Official Form 410*); y (iv) estar firmada, bajo pena de perjurio, por el reclamante o por un agente autorizado o representante legal del reclamante.

**E. Instructions for Filing Proof of Claim**

The following requirements shall apply with respect to filing and preparing each Proof of Claim against the first-listed Debtor.

(a) Contents. Each Proof of Claim must: (i) be legible and written in English; (ii) include a claim amount denominated in United States dollars (using the Petition Date rate of conversion, if applicable); (iii) conform substantially with the Proof of Claim Form or Official Form 410; and (iv) be signed under penalty of perjury by the claimant or by an authorized agent or legal representative of the claimant.

(b) Original Signatures Required. Each Proof of Claim other than an electronically submitted Proof of Claim must contain an original signature of the claimant or the claimant's authorized agent or legal representative. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(c) Identification of the Debtor Entity. Each Proof of Claim must clearly identify the Debtor against which the claim is being asserted, including such Debtor's individual case number. A Proof of Claim filed under the joint administration case number (No. 25-58764) or otherwise without identifying a specific Debtor, will be deemed filed only against Debtor Wellmade Floor Coverings International, Inc.

(d) Claim Against Multiple Debtors. Each Proof of Claim must state a claim against only one Debtor. If a creditor has a claim against multiple Debtors, it must file a separate Proof of Claim against each such Debtor. If more than one Debtor is listed on a single Proof of Claim, the asserted claim will be deemed filed only against the first-listed Debtor. If the claimant asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim must be filed with respect to each Debtor.

(e) Supporting Documentation. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).

(f) Timely Filing. Each Proof of Claim (including supporting documentation) must be filed so as to be received, on or before the applicable Bar Date by either: (i) electronically using the interface available on the Notice and Claims Agent's website at https://www.veritaglobal.net/wellmade/info/14565 or (ii) first-class U.S. Mail, overnight or express mail (including FedEx, UPS, DHL, etc.), or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:

Wellmade Claims Processing Center
c/o KCC dba Verita
222 N. Pacific Coast Hwy, Suite 300
El Segundo, CA 90245

Proofs of claim submitted by facsimile or electronic mail will not be accepted and will not be deemed timely filed.

(g) Receipt of Service. Claimants wishing to receive acknowledgment that their Proofs of Claim were timely received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim (in addition to the original Proof of Claim) and (ii) a self-addressed, stamped envelope.

**F. Consequences of Failing to Timely File Your Proof of Claim**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you are required, but fail, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

(a) YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THESE CHAPTER 11 CASES);

(b) THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

(c) YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

(d) YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTORS ON ACCOUNT OF THAT CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

**G. Amendment to the Debtors' Schedules**

If, subsequent to the date of this Notice, the Debtors file a previously unfiled Schedule or amend or supplement their Schedules to reduce the amount of your claim previously listed in the Schedules as undisputed, noncontingent, and liquidated, or to change the nature or classification of your claim reflected in the Schedules, you are required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the additional or amended scheduled claim on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable to such claim, or (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days after the date that on which the Debtors provide notice of the filing, amendment, or supplement to the Schedules (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

**H. The Rejection Damages Bar Date**

If you have a claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) the date set by the Court in an order approving such rejection (the "Rejection Damages Bar Date"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.

**I. The Debtors' Schedules and Access Thereto**

You may be listed as the holder of a claim against one or more of the Debtors on the Debtors' Schedules. It is your responsibility to determine that your claim is accurately listed in the Schedules.

If you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you

need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

**J. Additional Information**

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Claims and Noticing Agent's website at https://veritaglobal.net/wellmade. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.ganb.uscourts.gov/. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.

If you require additional information regarding the filing of a proof of claim, you may contact the Claims and Noticing Agent directly by writing to: Wellmade Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Hwy, Suite 300, El Segundo, CA 90245. ***Please note*** that the Claims and Noticing Agent ***cannot*** offer legal advice or advise whether you should file a proof of claim.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THIS COURT BELIEVE THAT YOU HAVE ANY CLAIM. A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.

**Reservation of Rights**

Nothing contained in this Notice is intended or should be construed as, a waiver of the rights of the Debtors or any party in interest to: (a) dispute, or assert offsets or defenses against, any claim asserted by a Proof of Claim or listed on the Schedules, (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and otherwise amend or supplement the Schedules.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 8, 2025

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod (Ga. Bar. No. 246604)
Allison J. McGregor (Ga. Bar. No. 860865)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Email: elrodj@gtlaw.com
Allison.McGregor@gtlaw.com

*Counsel for the Debtors and Debtors in Possession*

# Exhibit 3

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-58764<br><br>(Jointly Administered) |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM**

The chapter 11 bankruptcy cases (the "Chapter 11 Cases") concerning the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") were filed on August 4, 2025 (the "Petition Date"). You may be a creditor of the Debtors.

On October 6, 2025, the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") entered an order (the "Bar Date Order")[2] in the Chapter 11 Cases establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), including Rejection Damages Claims.

**The Bar Dates**

The Claims Bar Date. Pursuant to the Bar Date Order, unless otherwise provided in this Notice, all entities, including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days before the Petition Date, that arose prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before ***November 21, 2025, at 5:00 p.m., prevailing Eastern Time*** (the "Claims Bar Date").

The Governmental Bar Date. Governmental entities who have a claim or potential claim against the Debtors that arose prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy bay be, MUST FILE A PROOF OF CLAIM on or before ***April 4, 2026, at 5:00 p.m., prevailing Eastern Time*** (the "Governmental Bar Date").

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bar Date Order.

The Amended Schedules Bar Date. All parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or amendment or supplement to the Schedules are required to file Proofs of Claim ***by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the Debtors provide notice of a previously unfiled Schedules or amendment or supplement to the Schedules*** (the "Amended Schedules Bar Date").

The Rejection Damages Bar Date. All parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim ***by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) the date set by the Court in an order approving such rejection*** (the "Rejection Damages Bar Date").

ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM OR WHO FAILS TO FILE AN ADMINISTRATIVE CLAIM WITH THE COURT, IN EACH CASE ON OR BEFORE THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.

**Filing a Proof of Claim**. Each Proof of Claim must be filed, including supporting documentation, by (i) electronically using the interface available on the Notice and Claims Agent's website at https://veritaglobal.net/wellmade; or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, so as to be received by Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "Claims and Noticing Agent") on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein) at the following address:

Wellmade Claims Processing Center
c/o KCC dba Verita
222 N. Pacific Coast Hwy, Suite 300
El Segundo, CA 90245
T: (888) 647-1744

**Contents of Proofs of Claim.** Each proof of claim must (i) be legible and written in English; (ii) include a claim amount denominated in United States dollars (using the Petition Date rate of conversion, if applicable); (iii) conform substantially with the Proof of Claim Form; (iv) be signed under penalty of perjury by the claimant or by an authorized agent or legal representative of the claimant; and (v) include as attachments any and all supporting documentation on which the claim is based. ***Please note*** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Wellmade Floor Coverings International, Inc.

**Additional Information.** If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a Proof of Claim Form or related documents you may do so by: (i) visiting the Debtors' restructuring website at: https://veritaglobal.net/wellmade; and/or (ii) Wellmade Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Hwy, Suite 300, El Segundo, CA 90245. ***Please note*** that the Claims and Noticing Agent cannot offer legal advice or advise whether you should file a proof of claim.

**Current and Former Employees of the Debtors Filing Proofs of Claim.** If you worked at Wellmade's factory in Cartersville, Georgia, USA before August 4, 2025 and believe you have a claim against Wellmade, you may file a claim at the following website: https://www.veritaglobal.net/wellmade/info/14565. Each Proof of Claim must be signed under penalty of perjury by the claimant or by an authorized agent or legal representative of the claimant.

如果您在 2025 年 8 月 4 日之前在美国佐治亚州卡特斯维尔的 Wellmade 工厂工作，并相信您对 Wellmade 可提出索赔，您可以在以下网站上登记债权：https://www.veritaglobal.net/wellmade/info/14565。每份债权登记申请必须由债权人或其授权代理人或法定代表人签署，并承担伪证法律责任。

Si trabajó en la fábrica de Wellmade en Cartersville, Georgia, EE. UU., antes del 4 de agosto de 2025 y cree que tiene un reclamo contra Wellmade, puede presentar una reclamación en el siguiente sitio web: https://www.veritaglobal.net/wellmade/info/14565. Cada Prueba de Crédito deberá estar firmada, bajo pena de perjurio, por el reclamante o por un agente o representante legal autorizado del reclamante.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 8, 2025

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod (Ga. Bar. No. 246604)
Allison J. McGregor (Ga. Bar. No. 860865)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Email: elrodj@gtlaw.com
Allison.McGregor@gtlaw.com

*Counsel for the Debtors and Debtors in Possession*