UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: <br><br> WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] <br><br>    Debtors. | Chapter 11 <br><br> Case No. 25-58764 <br><br> (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(B) FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS, DEADLINE TO OBJECT AND HEARING**

**PLEASE TAKE NOTICE** that, on November 3, 2025, the above-captioned debtors and debtors in possession (the "Debtors") filed *Motion of the Debtors' Pursuant to Federal Rule of Bankruptcy Procedure 9006(b) for Entry of an Order Extending the Time to File Notices of Removal of Related Proceedings* (the "Motion"). Pursuant to the Fifth Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or hearing if no party in interest files a response or objection **within twenty-one (21) days** from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk at Clerk at the United States Bankruptcy Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Suite 1340, Atlanta, Georgia 30303, and serve a copy on the Debtors' attorney, at Greenberg Traurig, LLP, Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305, Attn: John D. Elrod (elrodj@gtlaw.com) and Allison J. McGregor (Allison.McGregor@gtlaw.com),** and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Motion has been scheduled for December 10, 2025. The Court will hold a hearing on the Motion at **10:15 a.m. (prevailing Eastern Time) on December 10, 2025 in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested in the Application without further notice and without holding the scheduled hearing** provided than an order approving the relief requested is entered at least one business day

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

ACTIVE 716150509v4

prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

| | |
|---|---|
| Date: November 3, 2025<br>Atlanta, Georgia | Respectfully submitted,<br><br>**GREENBERG TAURIG, LLP**<br><br>*/s/ Allison J. McGregor*<br>John D. Elrod, GA Bar No. 246604<br>Allison J. McGregor, GA Bar No. 860865<br>3333 Piedmont Road NE, Suite 2500<br>Atlanta, Georgia 303095<br>Telephone: (678) 553-2259<br>Facsimile: (678) 553-2269<br>Email: elrodj@gtlaw.com<br>Allison.McGregor@gtlaw.com<br>*Counsel for the Debtors in Possession* |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[2] | Case No. 25-58764 |
| | (Jointly Administered) |
| Debtors. | |

**MOTION OF THE DEBTORS PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9006(b) FOR ENTRY OF AN ORDER EXTENDING
THE TIME TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 1452 of title 28 of the United States Code ("Section 1452"), section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) extending the current period within which the Debtors may remove Actions (as defined below) (the "Removal Period") in these Chapter 11 Cases (as defined below) for an additional 120 days from the current deadline on November 3, 2025, through and including March 3, 2026, without prejudice to the Debtors' right to seek further extensions thereof; and (ii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Northern District of Georgia (the

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

ACTIVE 716150509v4

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are Section 1452, section 105(a) of the Bankruptcy Code, and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

### A. The Chapter 11 Cases

3. On August 4, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On August 14, 2025, the United States Trustee for Region 21 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

6. No request has been made for the appointment of a trustee or an examiner.

7. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration [D.I. 14], which is fully incorporated herein by reference.

### B. The Actions

8. The Debtors were involved in various pre-petition civil Actions commenced in various forums (the "Prepetition Actions"). *See First Amended Statement of Financial Affairs for Wellmade Industries MFR. N.A. LLC (Case No. 25-58760),* Case No. 25-58760 (SMS), D.I. 19, Exhibit C; *First Amended Statement of Financial Affairs for Wellmade Floor Coverings*

2

*International, Inc. (Case No. 25-58764),* Case No. 25-58764 (SMS), D.I. 185, Exhibit C. Additionally, if commenced in compliance with the exceptions to the automatic stay imposed by section 362 of the Bankruptcy Code, parties may commence civil actions against the Debtors during the pendency of these Chapter 11 Cases (collectively, the "Postpetition Actions", and together with the Prepetition Actions, the "Actions").

9. Theses Actions may be subject to removal pursuant to 28 U.S.C. § 1452, and, as of the date hereof, the statutory period within which the Debtors may file notices of removal of the Actions (the "Removal Period") has not yet expired. The Debtors continue to review their books and records and are in the process of determining whether to remove any Actions pursuant to Section 1452.

10. Since the Petition Date, the Debtors have worked diligently on a number of critical matters but have not yet determined which Actions, if any, they may seek to remove. Among other things, the Debtors and their professionals have been focused on: (i) obtaining "first day" relief that has enabled the Debtors to smooth, as much as possible under the circumstances, their entry into chapter 11; (ii) negotiating and finalizing the postpetition financing necessary to maintain the Debtors' operations during the chapter 11 proceedings; (iii) seeking approval of the sale of substantially all of their assets and focusing on the closing of the sale; and (iv) addressing numerous questions, concerns and issues raised by employees, vendors, customers and other parties in interest.

11. As a result of their extensive efforts in these cases to date, the Debtors submit that the extension requested herein is necessary to provide them with additional time to determine which Actions, if any, they seek to remove.

ACTIVE 716150509v4

**RELIEF REQUESTED**

12.     The Debtors respectfully request entry of the Proposed Order (i) extending the current Removal Period by 120 days through and including March 3, 2026; and (ii) granting related relief. The Debtors also request that this Motion be considered without prejudice to their rights to seek further extensions of the deadlines to remove Actions.

**BASIS FOR RELIEF**

13.     Section 1452 provides for the removal of certain actions related to bankruptcy cases and states in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14.     Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action initiated both prior to and subsequent to the Petition Date.  Specifically, with respect to the deadline for filing notices of removal of Prepetition Actions (the "Prepetition Removal Deadline"), Bankruptcy Rule 9027 provides in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15.     Similarly, with respect to the deadline for filing notices of removal of Postpetition

4

ACTIVE 716150509v4

Actions (the "Postpetition Removal Deadline"), Bankruptcy Rule 9027 provides, in pertinent part:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting for the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

16. Bankruptcy Rule 9006 permits a court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, in pertinent part, Bankruptcy Rule 9006 provides:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed.

Fed. R. Bankr. P. 9006(b)(1).

17. It is well settled that the Court is authorized, pursuant to Bankruptcy Rule 9006, to enlarge the removal period provided under Section 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds*, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding bankruptcy court's power to grant extension of removal deadline pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (holding Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (same); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D.

5

Pa. 1986) (same).[3]

18. Courts have regularly granted the relief requested herein in other chapter 11 cases. *See, e.g.*, *In re Kal Freight Inc.*, Case No. 24-90614 (CML) [D.I. 832] (Bankr. S.D. Tex. Mar. 25, 2025) (extending time to file notices of removal of claims and causes of action by 90 days); *In re Tricida, Inc.*, Case No. 23-10024 (JTD) [D.I. 739] (Bankr. D. Del. Feb. 20, 2025) (extending time to file notices of removal of claims and causes of action by 180 days); *In re Fisker, Inc.*, Case No. 24-11390 (TMH) [D.I. 846] (Bankr. D. Del. Dec. 23, 2024) (extending time to file notices of removal of claims and causes of action by 120 days); *In re Augustus Intelligence Inc.*, Case No. 21-10744 (JTD) [D.I. 119] (Bankr. D. Del. Aug. 6, 2021) (180 days).

19. Certain of the Debtors are named parties in the Actions. At this time, it is unclear if any of the Actions may require removal and whether the Debtors will be required to do so as part of an eventual claims reconciliation process. This Motion is submitted to preserve the status quo through the Debtors' bankruptcies, and to permit the applicable parties to make any decisions regarding the removal of any Actions.

20. The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and the matters to be considered in connection with the Debtors' reorganization process, claims allowance process, and assumption or rejection of executory contracts and unexpired leases; and (e) the progress made

---

[3] To supplement this authority, section 105(a) of the Bankruptcy Code grants the Court broad powers to enforce the Bankruptcy Code's provisions either under the specific statutory language of the Bankruptcy Code or under equitable common law doctrines. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

to date in the applicable Action. Accordingly, to make the appropriate determination as to whether they should seek removal, the Debtors must analyze each Action following the full consideration of the foregoing factors.

21. For the reasons set forth above, however, the Debtors have not yet had the opportunity to properly consider, or make decisions concerning, the removal of the Actions. Accordingly, the Debtors request that the Court extend the Removal Period as set forth herein, without prejudice to the Debtors' right to seek further extensions. The Debtors believe that extending the Removal Period as requested herein will provide the Debtors' management and advisors additional time necessary to consider and make fully informed decisions concerning the removal of the Actions, thereby ensuring that the Debtors can appropriately exercise the rights granted by 28 U.S.C. § 1452.

22. Further, the rights of any party to the Actions will not be unduly prejudiced by the Debtors' requested extension. If the Debtors ultimately seek to remove any action pursuant to Bankruptcy Rule 9027, any party to such action may seek to have such action remanded pursuant to 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). This right is not prejudiced by the Debtors' requested extension.

23. Accordingly, for the reasons set forth above, the Debtors submit that cause exists for the Court to extend the Removal Period to the later of (a) March 3, 2026, and (b) the first business day that is 30 days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code with respect to the particular Action sought to be removed.

## **NOTICE**

24. Notice of this Motion has been given to the following parties or, in lieu thereof, to

7

their counsel, if known: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to the Prepetition Lender and Buyer; (d) counsel to the Debtors' postpetition secured lender (the "DIP Lender"); (e) the Internal Revenue Service; (f) the Office of the United States Attorney for the Northern District of Georgia; (g) the states attorneys general for states in which the Debtors conduct business; (h) parties to the Actions; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

25. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 3, 2025  
Atlanta, Georgia

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ Allison J. McGregor*  
John D. Elrod, GA Bar No. 246604  
Allison J. McGregor, GA Bar No. 860865  
3333 Piedmont Road NE, Suite 2500  
Atlanta, GA 30305  
Telephone: 678-553-2259  
Facsimile: 678-553-2269  
Email: elrodj@gtlaw.com  
Allison.McGregor@gtlaw.com

*Counsel for the Debtors and Debtors in Possession*

8

ACTIVE 716150509v4

**Exhibit A**

**Proposed Order**

ACTIVE 716150509v4

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-58764 |
| Debtors. | (Jointly Administered) |
| | **Re Docket No.** __ |

## ORDER EXTENDING THE TIME TO FILE
## NOTICES OF REMOVAL OF RELATED PROCEEDINGS

Upon the *Motion of the Debtors Pursuant to Federal Rule of Bankruptcy Procedure 9006(b) for Entry of an Order Extending the Time to File Notices of Removal of Related Proceedings* (the "Motion");[2] and the Court having jurisdiction over this matter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and (i) the opportunity to object to relief required in the Motion by November 24, 2025 (the "Objection Deadline") and (ii) the hearing on the Motion schedule for December 10, 2025 at 10:15 a.m. (prevailing Eastern Time) having been given under the particular circumstances pursuant to the Fifth Amended and Restated General Order No. 24-2018; and no objection to the Motion having been filed prior to the Objection Deadline; and based on the foregoing, no further notice or hearing is required and the Court finds that good cause exists to grant the relief requested in the Motion; and the Court having considered the Motion and all other matters of record, including the lack of objection thereto,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The period within which the Debtors may seek removal of the Actions pursuant to Section 1452 and Bankruptcy Rule 9027 is extended through and including March 3, 2026, without prejudice to the Debtors' right to seek further extensions thereof.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or relating

ACTIVE 716150509v4

to the interpretation or implementation of this Order.

END OF DOCUMENT

3

ACTIVE 716150509v4

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

/s/ *Allison J. McGregor*
John D. Elrod, GA Bar No. 246604
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
Email: elrodj@gtlaw.com
 Allison.McGregor@gtlaw.com

*Counsel for the Debtors and Debtors in Possession*