**IT IS ORDERED as set forth below:**

**Date: November 19, 2025**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | Case No. **25-58764-SMS** |
| **WELLMADE FLOOR COVERINGS INTERNATIONAL, INC**., et al.,[1] | Chapter 11 |
| Debtor. | (Jointly Administered) |

### ORDER AUTHORIZING AND DIRECTING
### MEDIATION AND APPOINTING SETTLEMENT JUDGE

The Court held a hearing on November 5, 2025, regarding the _Labor Plaintiffs' Motion for Rule 20004 Examination and Production of Documents by Debtors and Allen Chen_ (the "Rule 2004 Motion," Doc. 244). At the hearing, the Debtors, the Committee, and the Labor Plaintiffs agreed mediation with limited discovery with regard to the Labor Plaintiffs' claims.[2] It appears that the most productive form of mediation is to designate an active or recall status bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR, N.A. LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

[2] Defined terms not set forth herein shall have the meaning set forth in the Rule 2004 Motion.

judge with no assignment or responsibility for these proceedings as a settlement judge to serve as a neutral mediator and that **Bankruptcy Judge Jeffrey W. Cavender** is qualified and suitable to serve in that capacity.

For good cause shown, it is hereby **ORDERED** as follows:

1. The parties to this proceeding shall mediate the issues and disputes presented in these proceedings. Judge Cavender is designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the parties and Judge Cavender.

2. Because Judge Cavender will be serving as the neutral mediator in this matter and because the nature of the mediation process requires *ex parte* contacts and communications between the neutral mediator and each of the sides, the prohibitions of Fed. R. Bankr. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Cavender in connection with the mediation proceedings. The parties and their attorneys may, therefore, have *ex parte* communications with Judge Cavender in his capacity as the neutral mediator in connection with the mediation proceedings.

3. All communications made by the parties or their attorneys to each other or to Judge Cavender in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Cavender's notes or records, shall be confidential and shall not be admissible as evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of

the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction. No record will be made of the mediation proceedings. Judge Cavender is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

4. Fed. R. Bankr. P. 7016, incorporating Fed. R. Civ. P. 16(c)(2)(I), applies to all matters that are the subject of this Order. Fed. R. Bankr. P. 9014(c). The appointment of Judge Cavender is an assignment of the subject matters by the assigned judge to the Settlement Judge solely for the purpose of convening "pretrial conferences" with a goal to reach a settlement. The Settlement Judge is appointed because of their judicial position as an active or recall status United States Bankruptcy Judge and acts in such capacity. By serving as a settlement judge, the Settlement Judge performs judicial duties. Accordingly, the Settlement Judge and all judiciary employees assisting the Settlement Judge have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections accorded to a United States Bankruptcy Judge and to judiciary employees, regarding any matters arising from or related to the Settlement Judge's role as settlement judge.

5. Debtors shall produce to Labor Plaintiffs, on or before December 5, 2025, the documents set forth in the **Pre-Mediation Disclosures**, which are attached as **Appendix A**.

6. Debtors, through Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") shall, within three (3) days of the entry of this Order, cause a copy of this Order to be served by electronic mail or first class mail, as applicable, on all parties served with the Rule 2004 Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

7. By participating in the settlement process, all parties automatically:

a)      waive and are unable to assert against the Settlement Judge or any judiciary employees assisting with the settlement process any claims or causes of action that arise from or relate to the settlement process; and

b)      waive and are unable to seek to compel from the Settlement Judge or from any judiciary employees assisting with the settlement process any oral or written testimony, document production (including, without limitation, regarding any records, reports, summaries, notes, communications, or other documents received or made by the Settlement Judge or any judiciary employees while serving in such capacity), or other participation whatsoever in any judicial, arbitral, or other proceeding of any kind.

The Settlement Judge may, in the Settlement Judge's sole discretion, require that the parties sign an agreement memorializing the above understandings, among other provisions, before agreeing to serve as a settlement judge.

**[END OF ORDER]**

## APPENDIX A
## PRE-MEDIATION DISCLOSURES

### Instructions

1.  The relevant period for these Requests shall be from January 1, 2021 to the present.

### Definitions

2.  Terms not defined herein shall have their plain and ordinary meaning.

3.  "Labor Plaintiffs" shall mean all individuals listed in ECF No. 242-1 for this proceeding and any other individuals who are represented by Aaron Halegua, PLLC and Radford Scott LLP and who file proofs of claim on or prior to the November 21, 2025 claims bar date.

4.  "Debtors" shall mean Wellmade Industries MFR. N.A. LLC and Wellmade Floor Coverings International, Inc., as well as their agents, employees, servants, representatives, officers, directors, affiliates, predecessors and successors in interest.

5.  "Cartersville Facility" shall mean the factory operated by Debtors in Cartersville, Georgia.

6.  "Visa Worker" shall mean any individual who performed work at the Cartersville Facility, whether hired directly by Debtors or paid through a staffing agency, while in the United States pursuant to a business, work, or other visa.

7.  The term "Document" or "Documents" as used herein shall mean all forms of hard copy or electronically stored information ("ESI") as contemplated by Federal Rule of Civil Procedure 34(a)(1) that are in Debtors' possession, custody, or control. Debtors are required to obtain Documents that are reasonably accessible or otherwise not unduly burdensome to obtain, *e.g.*, Debtors are not required to incur substantial costs trying to restore back-up tapes or other inactive or inaccessible storage media. In the event that relevant information is contained on storage media that is not reasonably accessible, Debtors shall so inform Labor Plaintiffs' counsel and the parties shall meet and confer to try to resolve any disputes as to whether Debtors are required to restore and search such media.

### Documents to be Produced

1.  Documents sufficient to show the compensation paid to or deductions taken from each Labor Plaintiff, such as contracts, pay stubs, payroll documents, tax documents, bank records, receipts, or invoices and related payments.

2.  Documents sufficient to show the dates and hours worked by each Labor Plaintiff, which may include time sheets, data from Debtors' facial recognition system, data from any timekeeping system, or any pay records or invoices with this information.

3.   The following visas or immigration records for each Labor Plaintiff: Visa applications, requests for evidence and responses, Visa determinations, or other correspondence with the United States Citizenship and Immigration Services or other such agencies.

4.   Documents sufficient to show the terms and conditions of any Labor Plaintiff's employment by or work for Debtors, including but not limited to any employment contract with Debtors or a staffing agency or other communications with a Labor Plaintiff establishing such terms and conditions.

5.   The personnel files for the Labor Plaintiffs, including but not limited to any contracts, agreements, employee handbooks, job applications, performance reviews, disciplinary records, police reports, or any other documents typically found in a personnel file.

6.   Documents sufficient to show the total number of Visa Workers who performed work at the Cartersville Facility during the Relevant Period or, if no such Documents are located after a reasonable search, a written representation from Debtors or their counsel containing their current understanding of that number.