# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-58764 |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEBTORS' AMENDED MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO OBJECT TO PROOFS OF CLAIM FILED BY LABOR PLAINTIFFS

**PLEASE TAKE NOTICE** that, on January 28, 2026, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Amended Motion of the Debtors for Entry of an Order Extending the Time to Object to Proofs of Claim file by Labor Plaintiffs* (the "Motion"). Pursuant to the Fifth Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or hearing if no party in interest files a response or objection **within twenty-one (21) days** from the date of service of this notice.  **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk at Clerk at the United States Bankruptcy Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Suite 1340, Atlanta, Georgia 30303, and serve a copy on the Debtors' attorney, at Greenberg Traurig, LLP, Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305, Attn:  John D. Elrod (elrodj@gtlaw.com) and Allison J. McGregor (Allison.McGregor@gtlaw.com),** and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Motion has been scheduled for February 11, 2026.  The Court will hold a hearing on the Motion at **1:30 p.m. (prevailing Eastern Time) on February 11, 2026 in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested in the Motion without further notice and without holding the scheduled hearing** provided than an order approving the relief requested is entered at least one business day prior to the scheduled hearing.  If no objection is timely filed, but no order is entered granting the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425).  The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

   **<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Date: January 28, 2026        Respectfully submitted,
    Atlanta, Georgia

               **GREENBERG TRAURIG, LLP**

               */s/ John D. Elrod*
               John D. Elrod, GA Bar No. 246604
               Allison J. McGregor, GA Bar No. 860865
               3333 Piedmont Road NE, Suite 2500
               Atlanta, Georgia 303095
               Telephone:  (678) 553-2259
               Facsimile: (678) 553-2269
               Email:  elrodj@gtlaw.com
               Allison.McGregor@gtlaw.com
               *Counsel for the Debtors and Debtors in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[2]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-58764<br><br>(Jointly Administered) |

### AMENDED MOTION FOR ENTRY OF AN ORDER EXTENDING
### THE TIME TO OBJECT TO PROOFS OF CLAIM FILED BY LABOR PLAINTIFFS

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this amended motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadline for the Debtors to object to Proofs of Claim filed by Labor Plaintiffs (the "Claims Objection Deadline") through and including February 28, 2026, pursuant to sections 105(a) and 502 of 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), Rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia (the "Local Rules"), without prejudice to the Debtors' right to seek additional extensions. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the Northern District of Georgia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a

---

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and legal predicates for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9006, and Rule 9006-1 of the Local Rules.

## BACKGROUND

### I.    Chapter 11 Cases

3.     On August 4, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

4.     The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On August 14, 2025, the United States Trustee for Region 21 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

6.     No request has been made for the appointment of a trustee or an examiner.

7.     Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration [D.I. 14], which is fully incorporated herein by reference.

### II.    The Claims Reconciliation Process

8.     On September 4, 2025, the Debtors filed the *Debtors Motion Seeking Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims; (II) Setting an Amended Schedules Bar Date; (III) Setting a Rejection Damages Bar Date; (IV) Approving the Form of and Manner for Filing Proofs of Claims; (V) Approving Notice of the Bar Dates; and (VI) Granting Related Relief*

2

[D.I. 137] (the "Bar Date Motion").

9.      Objections to the Bar Date Motion were filed by the Committee [D.I. 169] and by creditors Yucong Liu, Yixiang Zhang, and Cangen Han (collectively, the "Labor Plaintiffs") [D.I. 197] and after two hearings on the Bar Date Motion, on October 9, 2025, the Court entered the *Order (I) Setting a Bar Date for Filing Proofs of Claim; (II) Setting an Amended Schedules Bar Date; (III) Setting a Rejection Damages Bar Date; (IV) Approving the Form of and Manner for Filing Proof of Claims; (V) Approving Notice of the Bar Dates; and (VI) Granting Related Relief* [D.I. 222] (the "Bar Date Order"), designating November 21, 2025 as the date by which all entities and individuals (except governmental units) are required to file proofs of claim in the Chapter 11 Cases.

10.      At a November 5, 2025 hearing on the *Labor Plaintiffs' Motion for Rule 2004 Examination and Production of Documents by Debtors and Allen Chen* [D.I. 244], the Court ordered the Debtors and the Labor Plaintiffs to attend mediation which is set to occur on January 20, 2026.

11.      At the November 5, 2025 hearing, the Court set a deadline for the Debtors to file their objection to the Labor Plaintiffs' proofs of claim on or before January 16, 2026.  The January 16 deadline was not contained in the Court's *Order Authorizing and Directing Mediation and Appointing Settlement Judge* [D.I. 264].

12.      The Debtors filed their *Consent Motion to Extend Time to Object to Proofs of Claim filed by Labor Plaintiffs* [D.I. 305] on January 16, 2026.

13.      The Debtors and the Labor Plaintiffs participated in a mediation before the Hon. Jeff Cavender on January 20, 2026, which remains ongoing.  The parties reached an agreement on certain issues and are continuing to negotiate on other issues.

14.     The Debtors file this Motion seeking a further extension of the Claims Objection
Deadline to foster the potential resolution of the Labor Plaintiffs' claims.

### RELIEF REQUESTED

15.     The Debtors respectfully request entry of the Proposed Order because an extension
of the Claims Objection Deadline is necessary to reduce expense and foster the mediation process.
The Debtors request that this Motion be considered without prejudice to their rights to seek further
extensions of the Claims Objection Deadline.

### BASIS FOR RELIEF

16.     The Court is authorized to extend the Claims Objection Deadline under Bankruptcy
Rule 9006, which provides that the Court may extend a time period provided under the Bankruptcy
Rules or order of the Court for cause shown, with certain exceptions not applicable here. Fed. R.
Bankr. P. 9006(b).  Although the Bankruptcy Code does not define "cause," it has been noted that
"courts should be liberal in granting extensions of time sought before the period to act has elapsed,
so long as the moving party has not been guilty of negligence or bad faith and the privilege of
extension has not been abused." COLLIER ON BANKRUPTCY ¶ 9006.06[2] (Alan N. Resnick &
Henry J. Sommer eds., 16th ed. rev. 2016).

17.     Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may
issue any order, process, or judgment that is necessary or appropriate to carry out the provisions
of this title." 11 U.S.C. § 105(a).  It is generally recognized that "[s]ection 105(a) authorizes the
bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required
to further the substantive provisions of the Bankruptcy Code." COLLIER ON BANKRUPTCY ¶ 105.04
at 105-15, n.5 (15th ed. rev. 1989).

18.     Courts in this district have regularly granted the relief requested herein. See, e.g.,

*In re Fulcrum Loan Holdings, LLC*, Case No. 24-56114 (Bankr. N.D. Ga. Nov. 4, 2025) [Docket No. 333] (extending claim objection deadline by 60 days); *In re Envistacom, LLC*, Case No. 23-52696 (Bankr. N.D. Ga. Nov. 1, 2024) [Docket No. 273] (extending claim objection deadline by 120 days in addition to a previously granted 120-day extension); *In re Clayton General Group, Inc.*, Case No. 15-64266 (Bankr. N.D. Ga. Apr. 23, 2019) [Docket No. 1289] (extending claim objection deadline by 60 days in addition to a previously granted 90-day extension).

19.    The Debtors submit that cause exists to extend the Claims Objection Deadline because the proposed extension will facilitate the mediation process and reduce expenses, if mediation is successful.

20.    Therefore, the Debtors submit that the extension of the Claims Objection Deadline requested herein is: (i) reasonable and necessary under the circumstances; (ii) well within the range of extensions granted in comparable chapter 11 cases; and (iii) inures to the benefit of creditors and parties in interest.  As such, the Debtors respectfully request that the Court grant the proposed extension of the Claims Objection Deadline, without prejudice to their rights to seek a further extension of such deadline.

## **NOTICE**

21.    The Debtors will provide notice of this Motion to the following parties or their respective counsel, if known: (a) the Office of the U.S. Trustee for the Northern District of Georgia, (b) the Committee; (c) the Debtors' prepetition and postpetition lenders; (d) the Limited Service List; (e) the Labor Plaintiffs; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

22.    No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: January 28, 2026
      Atlanta, Georgia

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod, GA Bar No. 246604
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
Email: elrodj@gtlaw.com
  Allison.McGregor@gtlaw.com

*Counsel for the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-58764 |
| Debtors. | (Jointly Administered) |
| | **Re Docket No. __** |

**ORDER EXTENDING THE TIME FOR DEBTORS TO**
**OBJECT TO PROOFS OF CLAIM FILED BY LABOR PLAINTIFFS**

Upon the *Amended Motion of the Debtors for Entry of an Order Extending the Time to Object to Proofs of Claim filed by Labor Plaintiffs* (the "Motion");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of these Chapter 11 Cases and the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Wellmade Industries MFR. N.A LLC (1058) and Wellmade Floor Coverings International, Inc. (8425). The mailing address for the Debtors for purposes of these chapter 11 cases is: 1 Wellmade Drive, Cartersville, GA 30121.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and (i) the opportunity to object to relief required in the Motion by February 6, 2026 (the "Objection Deadline") and (ii) the hearing on the Motion scheduled for February 11, 2026 at 1:30 p.m. (prevailing Eastern Time) having been given under the particular circumstances pursuant to the Fifth Amended and Restated General Order No. 24-2018; and no objection to the Motion having been filed prior to the Objection Deadline; and based on the foregoing, no further notice or hearing is required and the Court finds that good cause exists to grant the relief requested in the Motion; and the Court having considered the Motion and all other matters of record, including the lack of objection thereto,

**IT IS HEREBY ORDERED THAT**:

1.  The Motion is **GRANTED** as set forth herein.

2.  The Claims Objection Deadline is hereby extended through and including February 28, 2026, without prejudice to the right of the Debtors to seek further extensions of such deadline.

3.  This Order is without prejudice to the rights of the Debtors with respect to any and all adversary proceedings and contested matters (or any other actions or proceedings whether ongoing or not yet commenced) regarding claims or causes of action retained by the Debtors.

4.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules are hereby satisfied by such notice.

5.  Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately enforceable upon its entry.

6.  The Court shall retain jurisdiction over any and all matters arising from the

interpretation, implementation, or enforcement of this Order.

7.   Verita shall, within three (3) days of the entry of this Order, cause a copy of this Order to be served by electronic mail or first-class mail, as applicable, on all parties served with the Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

[END OF DOCUMENT]

*Prepared and presented by*:

**GREENBERG TRAURIG, LLP**

*/s/*_____
John D. Elrod, GA Bar No. 246604
Allison J. McGregor, GA Bar No. 860865
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
Email: elrodj@gtlaw.com
 Allison.McGregor@gtlaw.com

*Counsel for the Debtors and Debtors in Possession*

**<u>Distribution List</u>**

Wellmade Floor Coverings International, Inc.
1197 Peachtree St. NE, Suite 780
Atlanta, GA 30361
Attn: David Baker

Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Attn: John D. Elrod

Kurtzman Carson Consultants LLC d/b/a Verita Global
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, CA 90245
Attn: Drake D. Foster

Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Attn: Lindsay Kolba

King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Attn: Austin Jowers

Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Rd., Suite 350
Atlanta, GA 30329
Attn: Will Geer

Pachulski Stang Ziehl & Jones LLP
1700 Broadway, 36th Floor
New York, NY 10019
Attn: Bradford J. Sandler

Small Herrin
100 Galleria Parkway, Suite 350
Atlanta, GA 30339,
Attn: Gus H. Small

Radford Scott LLP
125 Clairemont Ave., Suite 380
Decatur, Georgia 30030

Aaron Halegua, PLLC
524 Broadway, 11th Floor
New York, New York 10012

Weems M&E, LLC
1615 Environs Lane
Dalton, GA 30720

The Workers Firm of Georgia
7000 Central Parkway,
Suite 1100, Office 23
Atlanta, GA 30328
Attn: Partick Reid

ACTIVE 718526879v1