FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2026 JUN -9 PM 3: 04

VARIA S. ALLEN
CLERK
BY:_____
DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT## FOR THE NORTHERN DISTRICT OF GEORGIA## ROME DIVISION

In re:
WELLMADE FLOOR COVERINGS INTERNATIONAL, INC., et al.,
Debtors.
Case No. 25-58764-sms
(Chapter 11)
(Jointly Administered)

*Amended to Doc. #391*

------------------------------

## CREDITOR HAITAO LI'S FORMAL OBJECTION TO PROPOSED SETTLEMENT AGREEMENT AND MOTION FOR ALLOWANCE TO FILE LATE PROOF OF CLAIM DUE TO EXCUSABLE NEGLECT

------------------------------

COMES NOW Claimant, Haitao Li, appearing pro se as a creditor and affected laborer in the above-captioned Chapter 11 proceeding, and respectfully submits this Formal Objection to any proposed settlement agreement or distribution schedule that excludes his claim.

In support thereof, Claimant respectfully moves this Honorable Court for an Order allowing him to file a late Proof of Claim under the equitable doctrine of "Excusable Neglect" pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1). Claimant represents as follows:

## I. PRELIMINARY STATEMENT

Claimant is a vulnerable Chinese immigrant laborer who does not speak, read, or write English, and possesses no formal understanding of American jurisprudence or bankruptcy procedures. Claimant was excluded from the global settlement reached between the Debtors and twenty-five (25) identically situated former employees.

This catastrophic exclusion was caused entirely by a total lack of actual or constructive notice of the Bar Date by the Debtors, heavily exacerbated by gross administrative oversight and active misrepresentation by an officer of this Court, Attorney Aaron Halegua. For four consecutive months, Attorney Halegua represented to Claimant that his case was active and proceeding "smoothly," effectively preventing Claimant from seeking alternative counsel or independent relief from this Court. Fundamental principles of equity and due process demand that Claimant be granted an equal opportunity to participate in the settlement recovery.

## II. CHRONOLOGY OF FACTUAL EVIDENCE

The allegations herein are fully documented and verified by original, contemporaneous communication records, including WeChat chat logs, SMS text messages, and a lawful telephonic audio recording involving Attorney Aaron Halegua, which will be provided immediately upon the Court's request:

1. Employment Period and Total Lack of Notice: Claimant was employed as a non-exempt laborer at the Debtors' Cartersville factory from May 21, 2024, through May 23, 2025. Upon his departure on May 23, 2025, Claimant relocated for new employment, subsequently changing his residential address and telephone number. Consequently, Claimant received zero mailings, publication notices, or official correspondence from the Debtors or the Court regarding the Chapter 11 filing or the Bar Date.

2. Actual Discovery of Bankruptcy: Claimant had absolutely no knowledge of the Debtors' Chapter 11 bankruptcy case until January 11, 2026, when he was casually informed of the proceeding by fellow Chinese laborers during a social gathering.

3. Immediate Diligence and Referral to Counsel: On January 12, 2026, immediately upon discovering the bankruptcy, Claimant exercised extreme diligence and contacted Ms. Jailene at Tapestri (a non-profit victim advocacy organization). Ms. Jailene immediately referred Claimant to Attorney Aaron Halegua, who was already representing the pool of twenty-five (25) Wellmade workers in this Court. Claimant contacted Mr. Halegua the same day, and Mr. Halegua explicitly agreed to represent Claimant.

4. Establishment of Retention and Contingency Fee Retainer: On January 15, 2026, Mr. Halegua created a 4-person WeChat group chat specifically dedicated to the legal administration of Claimant's case. Mr. Halegua stated that while recovery was not 100% guaranteed, his firm would execute representation based on a 40% contingency fee. Claimant explicitly agreed to this retainer arrangement.

5. Additional Litigants and Affirmation of Representation: On January 15, 2026, Mr. Halegua instructed Claimant to scout if other short-term Chinese workers wanted to join the action. Claimant replied on January 16, 2026, stating that two workers declined due to short work duration. Mr. Halegua text-replied on WeChat: "They should be able to get money too, we can talk about it later." This statement firmly solidified Claimant's reasonable reliance that his own claim was safely secured and actively being processed by counsel.

6. Continuous Misrepresentation and Active Concealment: On March 2, May 9, and May 11, 2026, Claimant followed up with Mr. Halegua regarding the case progress and settlement status. Mr. Halegua repeatedly and consistently reassured Claimant that everything was going "very smoothly." On May 11, 2026, Mr. Halegua explicitly promised Claimant that a final settlement had been reached and that he would send Claimant a copy of the Settlement Distribution Sheet within days.

7. Abrupt Reversal and Written Admission of Malpractice: On May 13, 2026, Mr. Halegua abruptly reversed his position, informing Claimant that he was entirely excluded from the settlement list. In a subsequent written email dated May 18, 2026, Mr. Halegua admitted in writing to gross administrative negligence, confessing that because their names were similar, he had completely confused Claimant (Haitao Li) with another active client (Haitao Sun) for four consecutive months, and admitted to a severe breach of confidentiality by leaking Mr. Sun's immigration records to Claimant.

## III. LEGAL ARGUMENT: THE EXISTENCE OF EXCUSABLE NEGLECT
Under Federal Rule of Bankruptcy Procedure 9006(b)(1) and the controlling U.S. Supreme Court precedent Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380 (1993), this Court has the equitable power to allow a late-filed claim upon a finding of "Excusable Neglect." Claimant satisfies the four-factor Pioneer equity test in its entirety:

1. Danger of Prejudice to the Debtor: The Debtors are already engaged in a comprehensive global settlement with twenty-five (25) identically situated workers. Allowing one additional worker, whose employment parameters and claims are identical to the existing class pool, creates zero systemic prejudice, structural delay, or surprise to the estate.

2. Length of Delay and Its Potential Impact: Claimant sought legal counsel and attempted to enter the case in January 2026, immediately upon actual discovery, well before the final settlement order was adjudicated or executed by this Court.

3. Reason for the Delay and Good Faith: The primary reason for delay was a total lack of initial notice from the Debtors, followed by four months of active misdirection by an officer of this Court (Attorney Halegua). Because counsel repeatedly affirmed the case was "smooth" and explicitly promised a "distribution sheet," Claimant reasonably relied on counsel and was actively prevented from discovering the filing failure or hiring independent bankruptcy counsel to file a timely late motion. Claimant has acted in absolute good faith throughout this proceeding.

## IV. PRAYER FOR RELIEF

To exclude a vulnerable, non-English speaking labor victim from recovery solely due to a systemic lack of notification and gross attorney error would be highly inequitable and constitute a severe miscarriage of justice.

WHEREFORE, Claimant respectfully prays that this Honorable Court:

1. SUSTAIN this Objection and disallow any final settlement distribution or Chapter 11 plan that excludes Claimant;

2. GRANT Claimant leave to file a late Proof of Claim due to Excusable Neglect, to be treated as timely filed nunc pro tunc;

3. ORDER the Debtors, the Plan Trustee, and Lead Counsel to include Claimant in the final Settlement Distribution Schedule under the exact same equal terms and conditions as the other twenty-five (25) designated labor claimants; and

4. In the alternative, if any settlement excluding Claimant is approved over this objection, Claimant hereby explicitly reserves all rights to pursue independent civil actions against the Debtors, their estates, their principals, and any liable third parties.

Dated: 6-9-2026
Respectfully submitted,

By: _Hai Tao Li_

Claimant Pro Se
Claimant's Service Address:
_Hai Tao Li_
_318 Penn Station Way GA 30120_
Phone: _404 831 1894_

07:20    5G UC

← ⓙ Jailene From...  📞  ⋮

1月12日星期一 • 10:07

Hello! Do you have the contact information for attorney Aaron Halegua? He may be able to assist you regarding the unpaid wages and he is familiar with the large case.

If you do not already have his number or email, I can share it with you

1月12日星期一 • 13:47
↓



Hi Jailene! I don't have

⊕ RCS 消息  ☺ 🖼 ⑈



07:20

Jailene From...

1月12日星期一 • 13:47

Hi Jailene! I don't have his contact information; could you give it to me? Is he a private lawyer? Thank you!

1月12日星期一 • 15:39

This is his information. When you message him, you can say that you are a client of Solimar and were a Wellmade employee

Aaron Halegu...

RCS 消息



employee

Aaron Halegua
Text: 516-732-9496
WeChat: ahalegua

Aaron is a private attorney that is familiar with the case

Okay; thank you very much for your help!

Of course, please let me know if you have any trouble getting in contact with Aaron and I will assist yo⌄

  

